**Exhibit A**

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("*Settlement Agreement*") is entered into between plaintiffs Josue Romero, Gina Bailey, Jennifer Lawler, John Walters, Daniel Cox, Christopher Dickey, Grant Jenkins, and Bradley Berentson (collectively "*Plaintiffs*"), individually and in their representative capacity on behalf of the Class, and defendants Provide Commerce, Inc. ("*Provide Commerce*") and Regent Group, Inc. dba Encore Marketing International, Inc. ("*EMI*") (Provide Commerce and EMI collectively, "*Defendants*") (Plaintiffs and Defendants collectively, "*Parties*," or singularly, "*Party*").

## RECITALS

A.    On August 19, 2009, plaintiff Josue Romero commenced a civil action in the Superior Court of the County of San Diego entitled *Josue Romero v. Provide Commerce, Inc., Regent Group, Inc. dba Encore Marketing International, et al.*, Case No. 37-2009-00096492-CU-BT-CTL.   On September 25, 2009, Provide Commerce removed the case to the United States District Court for the Southern District of California, which assigned it Case No. 09-CV-02111.

B.    On September 24, 2009, then-plaintiff Bobbi Sledge (who, as explained below, is no longer a named plaintiff) initiated the action entitled *Sledge v. Provide Commerce, Inc.*, Case No. 09-CV-2094 in the United States District Court for the Southern District of California.

C.    On November 13, 2009, the United States District Court for the Southern District of California consolidated the *Sledge* and *Romero* cases under Case No. 09-CV-2094 with the new title *In re EasySaver Rewards Litigation* ("*Action*"), and appointed interim class counsel.

D.    The then-plaintiffs filed their consolidated complaint on December 14, 2009.  It added two new named plaintiffs (Kenyon and Bailey) and dropped plaintiff Sledge.

E.    On February 22, 2010, Provide Commerce and EMI filed motions to dismiss. On August 13, 2010, the district court entered an order granting in part and denying in part the motions, dismissing with prejudice the then-plaintiffs' claims against Provide Commerce for violation of the Electronic Funds Transfer Act and Electronic Communications Privacy Act, and denying the motions as to the then-plaintiffs' other claims.

F.    On August 30, 2010, Provide Commerce answered the consolidated complaint, and on September 9, 2010, EMI answered the consolidated complaint.  The answers generally and specifically denied the consolidated complaint's allegations and raised several separate and additional defenses.

G.    On February 10, 2011, the then-plaintiffs filed a first amended complaint, which added then-plaintiff Albert Parker (who, as explained below, is no longer a named plaintiff).  Provide Commerce and EMI answered on March 11, 2011.  The answers generally and specifically denied the first amended complaint's allegations and raised several separate and additional defenses.

H.    On May 26, 2011, the court granted the then-plaintiffs and Defendants' joint motion for leave to amend to allow the then-plaintiffs to file a second amended complaint.  Provide Commerce answered on June 22, 2011 and EMI answered on June 28, 2011.  The answers generally and

specifically denied the second amended complaint's allegations and raised several separate and additional defenses.

**I.**     The Action is related to yet another case.  In February 2010, then-plaintiff Alissa Herbst filed *Herbst v. Encore Marketing Int'l, Inc., et al.*, Case. No. 2:10-cv-00870 in the United States District Court for the District of New Jersey.  *Herbst* was transferred to the United States District Court for the Southern District of California on February 17, 2011, and assigned Case No. 11-cv-00349.  On June 17, 2011, the court consolidated *Herbst* with the Action, ordered that the operative complaint would be the second amended complaint in the Action or any subsequent amendment thereto (thus dropping plaintiff Herbst as a plaintiff), and maintained the previously appointed interim class counsel in the Action.

**J.**     On July 28, 2011, the then-plaintiffs filed a third amended complaint, wherein plaintiff Kenyon withdrew and plaintiffs Berentson and Jenkins joined the Action as plaintiffs.  Both Provide Commerce and EMI filed motions to dismiss the claims of then-plaintiff Parker.  As part of their opposition to the motions to dismiss, then-plaintiff Parker sought to voluntarily withdraw due to his lack of standing, and the remaining then-plaintiffs requested leave to file a fourth amended complaint to add plaintiffs Lawler, Walters, Cox, and Dickey.  On December 7, 2011, the Court dismissed plaintiff Parker, granted the remaining then-plaintiffs leave to amend to file the fourth amended complaint, and denied Defendants' motions to dismiss as moot.

**K.**     Plaintiffs filed the fourth amended complaint on December 14, 2011.  Plaintiffs assert their claims in their individual capacity and their capacity as representatives of a class of similarly situated persons.  Based on the alleged circumstances surrounding their enrollment in EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass, Plaintiffs assert a total of ten claims against Provide Commerce and EMI: (1) breach of contract (against Provide Commerce only); (2) breach of contract (against EMI only); (3) breach of implied covenant of good faith and fair dealing; (4) fraud; (5) violations of the Consumers Legal Remedies Act ("CLRA"); (6) unjust enrichment; (7) violation of the Electronic Funds Transfer Act ("EFTA") (against EMI only); (8) invasion of privacy; (9) negligence; and (10) violations of the Unfair Competition Law ("UCL").

**L.**     Provide Commerce and EMI respectively filed motions to dismiss the claims of plaintiffs Lawler, Walters, Cox, and Dickey on January 24, 2012.  Such plaintiffs filed their opposition on February 13, 2012, and Defendants filed their respective replies on February 23, 2012.  A hearing on the motions to dismiss is presently not set.  Defendants have not answered the fourth amended complaint.

**M.**     The Parties have participated in numerous settlement conferences and mediations in an effort to resolve the Action.  On December 15, 2010, the Parties appeared before Magistrate Judge William Gallo and participated in an Early Neutral Evaluation conference ordered by the court.  On May 18, 2011, the Parties participated in a full-day private mediation session before Judge Leo S. Papas (Ret.).  On May 20, 2011, the Parties again appeared before Magistrate Judge William Gallo and participated in a Mandatory Settlement Conference ordered by the court.  On June 20, 2011, Magistrate Judge William Gallo conducted a Mandatory Settlement Conference with Defendants and their respective insurance carriers only.  Magistrate Judge William Gallo conducted follow up telephone conferences with all or certain Defendants and all or certain of their respective insurance carriers on July 18, 2011, August 5, 2011, and August 17, 2011.  Magistrate Judge William Gallo conducted an in-person Mandatory Settlement Conference with Plaintiffs only on October 7, 2011.

The Parties continued to discuss a potential settlement over the next several months, and agreed to attend a second private mediation.  On April 9, 2012, the Parties participated in a full-day private mediation session before Judge Edward Infante (Ret.).  At the conclusion of the mediation, the Parties reached an agreement on the high-level terms of a settlement, conditioned on the Parties negotiating and executing a complete written agreement, which in turn is subject to court approval.

**N.**    The Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Action.  Based on these investigations, Plaintiffs believe the Action has merit, while Defendants believe the Action has no merit.  The Parties have also each looked at the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either Plaintiffs or Defendants.

**O.**    Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and settle and dispose of, fully and completely and forever, any and all claims and causes of action that Plaintiffs asserted or that could have been asserted in the Action.

## AGREEMENT

**1.    DEFINITIONS.**  The following section defines terms that are not defined above.  Some definitions use terms that are defined later in this section:

**1.1**    The terms ***"$20 Credit"*** or ***"$20 Credits"*** means a single transferable $20 credit valid only for on-line purchases at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com that Provide Commerce agrees to provide each Class Member.  The $20 Credit is subject to certain terms, which are set forth in Section 2.2 of this Settlement Agreement.

**1.2**    The terms ***"Authorized Claimant"*** or ***"Authorized Claimants"*** mean any Class Member who is eligible for and validly and timely submits a Claim Form to receive a Settlement Payment according to the terms of this Settlement Agreement.

**1.3**    The terms ***"Claim Form"*** or ***"Claim Forms"*** mean the form eligible Class Members must complete and timely submit to receive a Settlement Payment under this Settlement Agreement.  The Claim Form submitted to the Court for approval must be in the form attached as **Exhibit D**.

**1.4**    The term ***"Claimant"*** means any Class Member who submits a Claim Form for a Settlement Payment under this Settlement Agreement.

**1.5**    The term ***"Claims Administrator"*** means the entity, and any successors to that entity, that Defendants retain to administer the Settlement process provided for in the Settlement Agreement, which includes, but is not limited to: (i) preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this Action; (ii) communicating with and responding to Class Members; (iii) computing Settlement Payments to Authorized Claimants; (iv) establishing or maintaining an account for the Gross Cash Fund; and (v) distributing payments out of the Gross Cash Fund or Net Cash Fund.  Defendants will

retain the claims administrator after requesting and evaluating quotes from The Garden City Group, Inc., Epiq Consulting, and Rust Consulting. The selected claims administrator need not have the lowest quote, but its quote should not be substantially more expensive.

       **1.6**     The terms *"Class Counsel"* or *"Plaintiffs' Counsel"* means the law firms of Patterson Law Group, APC, Baron & Budd, P.C., Andrus Anderson LLP, and Cohelan Khoury & Singer.

       **1.7**     The terms *"Class*," *"Class Member*," and *"Class Members"* mean all persons who, between August 19, 2005 and the date of entry of the preliminary approval order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass.

       **1.8**     The term *"Court"* means the United States District Court for the Southern District of California.

       **1.9**     The term *"Fairness Hearing"* means the hearing at which the Court decides whether to approve this Settlement Agreement as being fair, reasonable, and adequate.

       **1.10**     The term *"Final Order and Judgment"* means a proposed order and judgment approving the Settlement of this Action. The order submitted to the Court shall be in the form attached as **Exhibit E**.

       **1.11**     The term *"Final Settlement Date"* means the date in which either of the following events has occurred: **(a)** if no appeal or request for review is filed or made, thirty-one (31) days after Defendants receive ECF notice from Plaintiffs or the Court that the Court entered the Final Approval Order and Judgment or **(b)** if any appeal or request for review is filed or made, fourteen (14) days after the date on which Plaintiffs file and Defendants receive ECF notice that a court entered an order affirming the Final Approval Order and Judgment or denied review after either the exhaustion of all appeals or the time for seeking all appeals has expired.

       **1.12**     The term *"Full Notice"* means the legal notice of the proposed Settlement terms, as approved by Class Counsel, Provide Commerce's Counsel, EMI's Counsel, and the Court, to be provided to Class Members under Section 3.3 of this Settlement Agreement. The Full Notice submitted to the Court for approval shall be in the form attached as **Exhibit B.**

       **1.13**     The term *"Gross Cash Fund"* means the $12.5 million described in Section 2.1 of this Settlement Agreement.

       **1.14**     The term *"Net Cash Fund"* means the remaining balance of the Gross Cash Fund that shall be distributed to Authorized Claimants as described in Section 2.1 of this Settlement Agreement after payment of any and all fees and costs from the Gross Cash Fund, including, but not limited to, all claims administration fees and costs, court-approved Class Counsel fees and costs award, and court-approved Class Representative enhancement awards.

       **1.15**     The term *"Internet Posting"* means a website set up by the Claims Administrator for the proposed Settlement for the purposes of, among other things, providing the Class

with the Full Notice of the Settlement, receiving email addresses from those Class Members receiving Summary Notice by U.S. mail in the event of email undeliverability, receiving Claim Forms submitted by Claimants, and making the Full Notice and Claim Form available for downloading.

 **1.16** The term *"Membership Program"* or *"Membership Programs"* means EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass.

 **1.17** The term *"Named Plaintiffs"* means Plaintiffs in their individual capacities.

 **1.18** The term *"Preliminary Approval and Provisional Class Certification Order"* or *"Preliminary Approval Order"* means a proposed order preliminarily approving the Settlement of this Action and provisionally certifying the Class.  This order must be submitted to the Court in the form attached as **Exhibit A**.

 **1.19** The term *"Provide Commerce's Counsel"* means the law firm of Cooley LLP.

 **1.20** The term *"EMI's Counsel"* means the law firm of Myron M. Cherry & Associates, LLC.

 **1.21** The term *"Settlement"* means the settlement of this Action and related claims.

 **1.22** The term *"Settlement Payment"* or *"Settlement Payments"* means a payment to an Authorized Claimant or payments to Authorized Claimants from the Net Cash Fund as described under Section 2.1(d) of this Settlement Agreement.

 **1.23** The term *"Summary Notice"* means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Provide Commerce's Counsel, EMI's Counsel, and the Court, which is to be provided to Class Members under Section 3.3 of this Settlement Agreement by email or U.S. mail in the event of email undeliverability.  The Summary Notice submitted to the Court for approval shall be in the form attached as **Exhibit C.**

 **2.** S<small>ETTLEMENT</small> T<small>ERMS</small>

 As consideration for the Settlement, which is subject to Court approval, Defendants will pay a total of $12.5 million and Provide Commerce will provide a $20 Credit to each Class Member according to the terms set forth below.  Based on Defendants' verified discovery responses, there are between approximately 1.25 million and 1.35 million Class Members, each of whom will automatically receive the $20 Credit described below and have the opportunity, if they are eligible, to make a claim for a payment from the Net Cash Fund described below.

 **2.1** **Cash Fund.**  In accordance with Section 2.1(f) of this Settlement Agreement, Defendants will pay $12.5 million to establish the Gross Cash Fund to be used to pay any and all fees and costs, including, but not limited to, all claims administration fees and costs, court-approved Class Counsel's fees and costs award, and court-approved Named Plaintiffs' enhancement awards.  The remaining balance – Net Cash Fund – shall be distributed to Authorized Claimants as described below. If the Court approves the Settlement of this Action, and subject to Section 2.1(f) of this Settlement Agreement, Defendants shall make their payments within seven (7) days after the Final Settlement Date.  The Gross Cash Fund will pay for, in order:

(a)    **Claims Administration.**    All fees and costs incurred by the Claims Administrator for the administration of the Settlement, including, but not limited to: (i) preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this Action; (ii) communicating with and responding to Class Members; (iii) computing Settlement Payments from the Net Cash Fund to Authorized Claimants; (iv) establishing or maintaining an account for the Gross Cash Fund; and (v) distributing payments out of the Gross Cash Fund or Net Cash Fund.

(b)    **Named Plaintiffs' Enhancement Awards.**    Enhancement awards of up to $15,000 each for plaintiffs Josue Romero and Gina Bailey (who participated in various court-ordered settlement conferences and the first mediation, responded to written discovery, and had their depositions taken), up to $10,000.00 each to plaintiffs Bradley Berentson, Grant Jenkins, Daniel Cox, and Jennifer Lawler (who responded to written discovery and had their depositions taken, or in the case of plaintiff Lawler, prepared, took time off work, and travelled to San Diego, California for her deposition, which ultimately did not occur), and up to $5,000.00 each to plaintiffs John Walters and Christopher Dickey (who responded to written discovery), subject to Court approval. Plaintiffs agree to not petition the Court for or otherwise seek more than these amounts for enhancements awards. A reduction by the Court or by an appellate court of the enhancement award sought by Plaintiffs shall not affect any of the Parties' rights and obligations under the Settlement Agreement, and shall only serve to increase the amount of the Net Cash Fund to be distributed as Settlement Payments to Authorized Claimants or any remainder, both of which are addressed in Section 2.1(d)-(e) of this Settlement Agreement. If the Court approves the Settlement of this Action and enhancement awards to the Named Plaintiffs, Defendants agree to pay, through the Claims Administrator as a distribution from the Gross Cash Fund, the enhancement awards approved by the Court up to the amounts specified above to Named Plaintiffs within fourteen (14) days after the Final Settlement Date.

(c)    **Class Counsel's Attorneys' Fees and Costs Award.**    Class Counsel's Attorneys' fees and costs award of up to, and not more than, $8.65 million in fees and $200,000 in costs, subject to Court approval. Defendants agree not to oppose this request, and do not currently take and will not take a position on the total Settlement value or total value of the $20 Credit in connection with obtaining Court approval of the Settlement or with respect to Class Counsel's motion or application for attorneys' fees and costs. A reduction by the Court or by an appellate court of Class Counsel's attorneys' fees and costs award shall not affect any of the Parties' other rights and obligations under the Settlement Agreement, and shall only serve to increase the amount of the Net Cash Fund to be distributed as Settlement Payments to Authorized Claimants or any remainder, both of which are addressed below. Nothing in this Settlement Agreement shall prohibit Class Counsel from appealing any reduction of

requested attorneys' fees and costs awarded by Court. In accordance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010), Class Counsel will file any papers supporting its request for attorneys' fees and costs with the Court fourteen (14) days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in Section 3.9 of this Settlement Agreement. Defendants agree to pay, through the Claims Administrator as a distribution from the Gross Cash Fund, Class Counsel's Attorneys' fees and costs award approved by the Court up to $8.65 million to one or more of the Class Counsel, as specified by Class Counsel, within fourteen (14) days after the Final Settlement Date.

**(d)** **Settlement Payments to Class Members.** After all payments are made out of the Gross Cash Fund for the items listed in Section 2.1(a)-(c) of this Settlement Agreement, the Net Cash Fund shall be distributed to Authorized Claimants. To be eligible for a Settlement Payment from the Net Cash Fund, a Class Member must submit a Claim Form signed under penalty of perjury stating, among other things, that he/she did not knowingly authorize his/her enrollment in the Membership Program(s) for which he/she was charged and did not take advantage of any of the benefits of the Membership Program(s) other than the dollar-off-code for a future Provide Commerce website purchase. Only Class Members who were actually enrolled in a Membership Program and were charged at least the activation fee and one monthly membership fee are eligible to receive a Settlement Payment from the Net Cash Fund. No Class Member will be entitled to receive a Settlement Payment from the Net Cash Fund to the extent he/she already received a refund or chargeback of the monthly membership fees he/she paid or to the extent he/she was enrolled but was not charged a monthly membership fee at all. Class Members who used or requested a benefit, directory, or other service provided through any of the Membership Programs other than the dollar-off-code for a future Provide Commerce website purchase (including, but not limited to, cash back on gift cards, travel and/or leisure discounts, discounted movie or theme park tickets or free concierge services), are not eligible to receive a Settlement Payment from the Net Cash Fund. The amount to be received by an Authorized Claimant will depend upon the number of claims submitted and dollar value of such claims, and shall be up to, but not more than, the amount of monthly fees the Authorized Claimant paid for Membership Program(s) less any full or partial refund the Authorized Claimant previously received. Depending upon the number of claims received and the dollar value of such claims, the Net Settlement Fund may be sufficient to pay all Authorized Claimants for the full amount of their claims. If the claims submitted exceed in dollar amount the amount of the Net Cash Fund, Authorized Claimants' payments will be reduced on a pro-rated basis, such that the total number and dollar value of all Authorized Claimants' claims shall not exceed the amount of the Net Cash Fund. If the Court approves the Settlement of this Action, Defendants, through the Claims Administrator, must mail the Settlement Payments from the Net Cash Fund to Authorized Claimants within twenty-five (25) calendar days following the Final Settlement Date.

(e)     **Remainder.**  Any unclaimed portion of the Net Cash Fund after distribution of Settlement Payments to Authorized Claimants and any returned Settlement Payments to Authorized Claimants will be paid on an equal basis to the following non-profit college or university academic institutions located in San Diego County, California, with the payments specified to be used for a chair, professorship, fellowship, lectureship, seminar series or similar funding, gift, or donation program developed and coordinated between Provide Commerce and the respective institutions (depending on the amount of the remainder) regarding internet privacy or internet data security: California State University at San Diego (San Diego State University), University of California at San Diego, and University of San Diego School of Law.  If the Court approves the Settlement of this Action, Defendants, through the Claims Administrator, must mail or wire the payments from the Net Cash Fund to the remainder recipients within sixty (60) calendar days following the Final Settlement Date.

(f)     **Less Than Full Funding of Cash Fund.**  Defendants' respective contributions to the Gross Cash Fund shall be conditioned upon and in accordance with the agreement reached amongst themselves (including their respective insurers).  If the total amount of $12.5 million is not contributed to the Gross Cash Fund from Defendants collectively in accordance with the agreement reached amongst themselves and their respective insurers, then the Settlement Agreement shall be null and void *ab initio*, the Final Order and Judgment shall be vacated by its own terms, Defendants shall not be jointly liable for the total amount of the Gross Cash Fund or the contribution of the other, and the Parties shall revert to their respective positions in the Action.

**2.2     $20 Credit.**  Provide Commerce agrees to provide each Class Member with one $20 Credit.  The $20 Credit shall be fully transferable and shall be valid only for on-line purchases at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com.  The $20 Credit will be distributed to all Class Members by email (the email address to which Direct Email Notice was sent for all deliverable Direct Email Notices or if undeliverable and Direct Mail Notice is provided, the email address the Class Member provides to the Claims Administrator).  The $20 Credit shall be subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of products on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the $20 Credit not be distributed until 2013); (iii) one $20 Credit per Class Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

3.    **CLASS SETTLEMENT PROCEDURES**

**3.1    Cooperation to Obtain Court Approval.**  The Parties will take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

**3.2    Preliminary Approval and Provisional Class Certification.**  As soon as practicable after this Settlement Agreement is signed, Plaintiffs must move or apply for preliminary approval of the Settlement and provisional class certification.  The motion or application must request the Court to:

**(a)**    preliminarily approve this Settlement Agreement as being the product of serious, informed, non-collusive negotiations, having no obvious deficiencies, not improperly granting preferential treatment to the proposed class representatives or segments of the class, and falling within the range of possible approval;

**(b)**    preliminarily approve the form, manner, and content of the Full Notice, Summary Notice, and Claim Form described in Sections 3.3 and 3.6, and attached as **Exhibits B - D**;

**(c)**    set the date and time of the Fairness Hearing between one hundred seventy-one (171) and one hundred eighty-five (185) calendar days after entry of the preliminary approval order, subject to the Court's availability;

**(d)**    provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

**(e)**    stay all proceedings in the Action until the Court renders a final decision on approval of the Settlement;

**(f)**    appoint the Named Plaintiffs as Class Representatives for settlement purposes only; and

**(g)**    appoint the law firms of Patterson Law Group, APC, Baron & Budd, P.C., Andrus Anderson LLP, and Cohelan Khoury & Singer as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be submitted to the Court in the form attached as **Exhibit A.**

**3.3    Notice.**  Subject to the Court granting Preliminary Approval of the Class Settlement and Provisional Class Certification, the Parties agree that Defendants, through their retained Claims Administrator, will provide the Class with notice of the proposed Settlement by the following methods.

**(a)    Internet Posting.**  Starting no later than seventy-five (75) calendar days after entry of the Preliminary Approval Order, the Claims Administrator will set up an Internet website and post the Full Notice and Claim Form, both of which shall be downloadable.  The website will be active for a period of sixty (60)

consecutive calendar days. The website shall be designed and constructed to accept electronic Claim Form submission, and will also provide a mechanism to receive updated email addresses by mail and electronically through the Internet website from those Class Members that receive Summary Notice by U.S. mail as described below. The website domain name shall be non-inflammatory, shall not infringe upon any of Provide Commerce's or EMI's trade names or service marks, and is subject to the approval of each of the Parties, which approval shall not be unreasonably withheld.

(b)     **Summary Notice By Direct Email.**  Starting no later than seventy-five (75) calendar days after entry of the Preliminary Approval Order, Defendants, through the Claims Administrator, will send Summary Notice by email to each Class Member at the email address that EMI maintains for each Class Member, including persons that have previously indicated that they do not wish to be contacted by EMI. The Summary Notice sent by email must be in the form attached as **Exhibit C**, and will provide the URL of the Internet website containing the Full Notice and a U.S. postal mailing address for the Claims Administrator so that Class Members may request a paper copy of the Claim Form or Full Notice by U.S. mail. The email address from which the Summary Notice is sent shall be non-inflammatory, shall not infringe upon any of Provide Commerce's or EMI's trade names or service marks, and is subject to the approval of each of the Parties, which approval shall not be unreasonably withheld.

(c)     **Summary Notice By Direct U.S. Mail.**  As soon as reasonably possible after receiving notification of undeliverability, and no later than ninety-five (95) calendar days after entry of the Preliminary Approval Order, Defendants, through the Claims Administrator, will send Summary Notice on a postcard by U.S. mail to all Class Members to whom Summary Notice by direct email was not deliverable and for whom EMI has a facially valid postal address, including persons that have previously indicated that they do not wish to be contacted by EMI. The Summary Notice sent by postcard must be in the form attached as **Exhibit C**, and will provide the URL of the Internet website containing the Full Notice and a U.S. postal mailing address for the Claims Administrator so that Class Members may request a paper copy of the Claim Form or Full Notice by U.S. mail.

3.4     **CAFA Notice.**  Not later than ten (10) calendar days after the Settlement Agreement is filed with the Court, Defendants shall jointly serve upon the relevant government officials notice of the proposed Settlement in accordance with 28 U.S.C. § 1715.

3.5     **Proof of Notice.**  No later than seven (7) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment, Defendants must send by email a declaration from the Claims Administrator to Class Counsel confirming that Defendants, through the Claims Administrator, provided the Class with notice of the proposed Settlement in accordance with Section 3.3 of this Settlement Agreement.

**3.6     Claim Form.**  To be entitled to receive a Settlement Payment from the Net Cash Fund, Class Members must accurately complete a Claim Form, signed under penalty of perjury, and deliver that form to the Claims Administrator no later than one hundred thirty-five (135) calendar days after the entry of the Preliminary Approval Order.  The Claim Form must be in the form attached as **Exhibit D**, and must include certifications acknowledged by Class Members under penalty of perjury that at the time the Class Member was enrolled, he/she did not knowingly authorize his/her enrollment in the Membership Program(s) for which he/she was charged and did not use any of the benefits of the Membership Program(s) other than the dollar-off-code for a future Provide Commerce website purchase.  The Claim Form may be submitted electronically or by U.S. mail.  The electronic Claim Form on the webpage shall be programmed such that if the Claimant fails to fulfill any of the information or certification requirements before clicking on the "submit" button, the page will immediately display a conspicuous warning window or page in the middle of the screen informing the Claimant of such failure, specifying the deficiency, and explaining that failure to remedy the deficiency will prevent submission of the Claim Form unless remedied.  The Claims Administrator shall also take all reasonable actions to contact any Claimant who submits a deficient Claim Form on paper via U.S. Mail.  The deficiency notice for a paper Claim Form shall expressly state which pieces of information or certifications must be completed or made for the claim to be deemed non-deficient.  The delivery date is deemed to be the date (a) the Claim Form is deposited in the U.S. mail as evidenced by the postmark, in the case of submission by U.S. mail, or by date of delivery if sent by FedEx, UPS, or comparable courier, or (b) in the case of submission electronically through the Internet website for the Settlement, the date the Claims Administrator receives the Claim Form, as evidenced by the transmission receipt.  Any Class Member who fails to submit a valid and timely Claim Form is not an Authorized Claimant and will not receive a Settlement Payment from the Net Cash Fund.

**3.7     Right to Verify.**  The Claims Administrator will review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant to request any missing information required on the Claim Form.  The Claims Administrator will determine the validity of any claim, and as part of that determination, verify that, according to EMI's records, the information set forth in a submitted Claim Form is accurate and that the Claimant is a Class Member and is eligible to receive a Settlement Payment.  The Claims Administrator may also contact Defendants to determine whether a Claimant is a Class Member and is eligible to receive a Settlement Payment.  Defendants are also entitled, at their option, to review submitted Claim Forms.

**3.8     Disputed Claims.**  If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute.  EMI's records will be entitled to a rebuttable presumption of accuracy.

**3.9     Objections.**  Any Class Member who has not submitted a timely written exclusion request pursuant to Section 3.10 of this Settlement Agreement and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement or to the attorneys' fees and costs award requested by Class Counsel, must do so by filing a written objection with the Court and delivering a copy of the objection to Class Counsel, Provide Commerce's Counsel, and EMI's Counsel no later than one hundred thirty-five (135) calendar days after entry of the Preliminary Approval Order.  The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark.  It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, Provide Commerce's Counsel, and EMI's Counsel.  To be considered by the Court, the objection must include: (1) a heading containing the name and case number of the Action: *In re EasySaver Rewards Litigation*, Case No. 3:09-cv-02094-

AJB (WVG); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing, and if through counsel, a statement identifying the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted.  Any Class Member who files and serves a written objection, as described in this section, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees and costs.  However, Class Members or their attorneys intending to make an appearance at the Fairness Hearing must include a statement of intention to appear in the written objection filed with the Court and delivered to Class Counsel, Provide Commerce's Counsel, and EMI's Counsel, and only those Class Members who include such a statement may speak at the Fairness Hearing.  If a Class Member makes an objection or appears at the Fairness Hearing through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

3.10    **Exclusion Requests.**  Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement.  To make this election, Class Members must send a letter or postcard to the Claims Administrator stating: (a) the name of the Action, "*In re EasySaver Rewards Litigation*"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement, postmarked no later one hundred thirty-five (135) calendar days after entry of the Preliminary Approval Order.

      (a)    **Exclusion List.**  Defendants must serve on Class Counsel a list of Class Members who have timely and validly excluded themselves from the Class no later than ten (10) calendar days before the filing date for Plaintiffs' motion in support of the Final Order and Judgment.  Such list may be attached as an exhibit to the proof of notice declaration from the Claims Administrator addressed in Section 3.5 of this Settlement Agreement.

      (b)    **Blow-up Clause.**  Despite this Settlement Agreement, if more than one thousand two hundred fifty (1,250) Class Members request exclusion, then either Provide Commerce or EMI may, in either's sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement.  If this Settlement Agreement is terminated under this section, it will be deemed null and void *ab initio*.  In that event: (i) the Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible into evidence, for any purpose, in this Action or any other proceeding.

3.11    **Fairness Hearing and Final Order and Judgment.**  In connection with their motion or application for preliminary approval of the Settlement, Plaintiffs shall request that the Fairness Hearing be held between one hundred seventy-one (171) and one hundred eighty-five (185)

calendar days after entry of the Preliminary Approval Order, subject to the Court's availability. Before the Fairness Hearing, Plaintiffs must move or apply for Court approval of a proposed Final Order and Judgment, which shall be submitted to the Court in the form attached as **Exhibit E**. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded themselves from the Class. Class Counsel must also draft the application papers and give Provide Commerce's Counsel and EMI's Counsel drafts of the motion or application and proposed order to review at least seven (7) calendar days before the application's filing deadline. Defendants shall be permitted, but not required, to file their own joint or individual brief or statement of non-opposition in support of the motion or application for Final Order and Judgment.

　　　　　**3.12    Action Status If Settlement Not Approved, Final Settlement Date Does Not Occur, or Gross Cash Fund Not Fully Funded.**  This Settlement Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement or Exhibits thereto (including the Summary Notice, Full Notice, or Claim Form) that are not acceptable to all Parties, if the Court does not approve the Settlement or enter the Final Order and Judgment, if the Final Settlement Date does not occur for any reason, or if the total amount of $12.5 million is not contributed to the Gross Cash Fund as addressed in Sections 2.1 and 2.1(f) of this Settlement Agreement, then this Settlement Agreement will be deemed null and void *ab initio*. In that event (a) the Preliminary Approval Order and all of its provisions or the Final Order and Judgment and all of its provisions, as applicable, will be vacated by its own terms, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiffs as class representatives and conditional appointment of Plaintiffs' Counsel as Class Counsel, (b) the Action will revert to the status that existed before the Settlement Agreement's execution date, (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations or documentation will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding, and (d) Defendants shall retain all their rights to proceed with their presently pending motions to dismiss and to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the presently pending motions to dismiss should be granted or denied or the Action may properly be maintained as a class action.

　　　　　**3.13    Distribution of $20 Credit.**  If the Court approves the Settlement of this Action, Provide Commerce, through the Claims Administrator, must email the $20 Credit to Class Members within twenty-five (25) calendar days following the Final Settlement Date.

　　　　**4.    DISMISSAL OF ACTION AND RELEASES**

　　　　　**4.1    Judgment and Enforcement.**  The Parties agree that should the Court grant final approval of the proposed Settlement and enter judgment, the Final Order and Judgment shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of this Settlement Agreement.

　　　　　**4.2    Class Members' Release.**  Upon entry of the Final Order and Judgment, Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendants Provide Commerce, Inc. and Regent Group, Inc., and each of their respective direct or indirect parents, wholly or majority owned subsidiaries,

affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to the Membership Programs, (ii) the past or continued billing, debiting, or charging of fees associated with the Membership Programs, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with any of the Membership Programs (or any alleged failure to provide a copy of such authorization), (iv) the billing cycle, time period, or frequency of the charges for the Membership Programs, and (v) any and all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, violations of the California Consumers Legal Remedies Act, unjust enrichment, violations of the Electronic Funds Transfer Act, invasion of privacy – intrusion into private matters, negligence, or violations of California's Unfair Competition Law (the **_Released Claims_**").

With respect to the Released Claims, the Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Named Plaintiffs and all Class Members fully understand that the facts in existence at the time this Settlement Agreement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by Named Plaintiffs and Class Members and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiffs and the Class Members agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

    **4.3    Named Plaintiffs' Release.**  Upon entry of the Final Order and Judgment, Named Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives release and forever discharge defendants Provide Commerce, Inc. and Regent Group, Inc., and each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements,

promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent as of the date the Parties execute this Settlement Agreement.

In addition, Named Plaintiffs, and each of their successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Named Plaintiffs fully understand that the facts in existence at the time this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiffs and their Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in fact.  Further, Named Plaintiffs agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

## 5.    ADDITIONAL PROVISIONS

**5.1    Defendants' Denial of Wrongdoing.**  This Settlement Agreement reflects the Parties' compromise and Settlement of the disputed claims. Its provisions, and all related drafts, communications and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting Defendants' presently pending motions to dismiss or class certification) by any person or entity and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession.

**5.2    Change of Time Periods.**    All time periods and dates described in this Settlement Agreement are subject to the Court's approval.   These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

**5.3    Real Parties in Interest.**  In executing this Settlement Agreement, the Parties warrant and represent that they, including Plaintiffs in their individual capacity and representative capacity on behalf of the Class, are the only persons having any interest in the claims asserted in this Action.  Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**5.4    Voluntary Agreement.**   The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

**5.5    Binding on Successors.**  This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives.

**5.6    Parties Represented by Counsel.**  The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

**5.7    Authorization.**  Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**5.8    Entire Agreement.**  This Settlement Agreement and attached exhibits contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to the Action. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

**5.9    Construction and Interpretation.**  Neither the Parties nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them.  This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

**5.10    Headings and Formatting of Definitions.**  The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement.  The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

**5.11    Exhibits.**  The exhibits to this Settlement Agreement are integral parts of the Settlement Agreement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

**5.12    Modifications and Amendments.**  No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their counsel.

**5.13    Governing Law.**  This Settlement Agreement is governed by California law and must be interpreted under California law and without regard to conflict of laws principles.

**5.14    Further Assurances.**  The Parties must execute and deliver any additional papers, documents and other assurances, and must do any other acts reasonably necessary to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

**5.15    Agreement Constitutes a Complete Defense.**  To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used as the basis

for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

       **5.16    Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

       **5.17    Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument.  Several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies or PDF copies of executed copies of this Settlement Agreement may be treated as originals.

       **5.18    Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

       **5.19    Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the remaining provisions of this Settlement will continue in full force and effect, unless the provision declared to be invalid, void, or unenforceable is material, at which point the Parties shall attempt to renegotiate the Settlement or, if that proves unavailing, Named Plaintiffs, Provide Commerce, or EMI can terminate the Settlement Agreement without prejudice to any Party.

       **5.20    Inadmissibility.**    This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction.    Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Order and Judgment.

       **5.21    No Conflict Intended.**  Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

       **5.22    List of Exhibits:**  The following exhibits are attached to this Settlement Agreement:

       Exhibit A – [Proposed] Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification

       Exhibit B – Full Notice

       Exhibit C – Summary Notice

       Exhibit D – Claim Form

       Exhibit E – [Proposed] Final Order Approving Class Action Settlement and Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    June ___, 2012          **PLAINTIFF JOSUE ROMERO**

_____

Josue Romero,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF GINA BAILEY**

_____

Gina Bailey,
Individually and in her Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF JENNIFER LAWLER**

_____

Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June /_, 2012          **PLAINTIFF JOHN WALTERS**

_____

John Walters,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF CHRISTOPHER DICKEY**

_____

Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF GRANT JENKINS**

_____

Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF BRADLEY BERENTSON**

_____

Bradley Berentson,
Individually and in his Representative Capacity

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated: June ___, 2012      **PLAINTIFF JOSUE ROMERO**

Josue Romero,
Individually and in his Representative Capacity

Dated: June ___, 2012      **PLAINTIFF GINA BAILEY**

Gina Bailey,
Individually and in her Representative Capacity

Dated: June ___, 2012      **PLAINTIFF JENNIFER LAWLER**

Jennifer Lawler,
Individually and in her Representative Capacity

Dated: June ___, 2012      **PLAINTIFF JOHN WALTERS**

John Walters,
Individually and in his Representative Capacity

Dated: June ___, 2012      **PLAINTIFF DANIEL COX**

Daniel Cox,
Individually and in his Representative Capacity

Dated: June 13 2012      **PLAINTIFF CHRISTOPHER DICKEY**

Christopher Dickey,
Individually and in his Representative Capacity

Dated: June ___, 2012      **PLAINTIFF GRANT JENKINS**

Grant Jenkins,
Individually and in his Representative Capacity

Dated: June ___, 2012      **PLAINTIFF BRADLEY BERENTSON**

Bradley Berentson,
Individually and in his Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    June ___, 2012          **PLAINTIFF JOSUE ROMERO**

_____

Josue Romero,
Individually and in his Representative Capacity

Dated:    June _13_, 2012          **PLAINTIFF GINA BAILEY**

_____

Gina Bailey,
Individually and in her Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF JENNIFER LAWLER**

_____

Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF JOHN WALTERS**

_____

John Walters,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF CHRISTOPHER DICKEY**

_____

Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF GRANT JENKINS**

_____

Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June ___, 2012          **PLAINTIFF BRADLEY BERENTSON**

_____

Bradley Berentson,
Individually and in his Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    June __, 2012          **PLAINTIFF JOSUE ROMERO**

_____
Josue Romero,
Individually and in his Representative Capacity

Dated:    June __, 2012          **PLAINTIFF GINA BAILEY**

_____
Gina Bailey,
Individually and in her Representative Capacity

Dated:    June __, 2012          **PLAINTIFF JENNIFER LAWLER**

_____
Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June __, 2012          **PLAINTIFF JOHN WALTERS**

_____
John Walters,
Individually and in his Representative Capacity

Dated:    June __, 2012          **PLAINTIFF DANIEL COX**

_____
Daniel Cox,
Individually and in his Representative Capacity

Dated:    June __, 2012          **PLAINTIFF CHRISTOPHER DICKEY**

_____
Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June __, 2012          **PLAINTIFF GRANT JENKINS**

_____
Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June _13_, 2012          **PLAINTIFF BRADLEY BERENTSON**

_Bradley Berents_____
Bradley Berentson,
Individually and in his Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    June __, 2012                PLAINTIFF JOSUE ROMERO

_____
Josue Romero,
Individually and in his Representative Capacity

Dated:    June __, 2012                PLAINTIFF GINA BAILEY

_____
Gina Bailey,
Individually and in her Representative Capacity

Dated:    June __, 2012                PLAINTIFF JENNIFER LAWLER

_____
Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June __, 2012                PLAINTIFF JOHN WALTERS

_____
John Walters,
Individually and in his Representative Capacity

Dated:    June __, 2012                PLAINTIFF DANIEL COX

_____
Daniel Cox,
Individually and in his Representative Capacity

Dated:    June __, 2012                PLAINTIFF CHRISTOPHER DICKEY

_____
Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June 12, 2012                PLAINTIFF GRANT JENKINS

_____
Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June __, 2012                PLAINTIFF BRADLEY BERENTSON

_____
Bradley Berentson,
Individually and in his Representative Capacity

**The Parties have agreed to the terms of this Settlement Agreement and have signed below.**

Dated:    June ___, 2012

PLAINTIFF JOSUE ROMERO

_____
Josue Romero,
Individually and in his Representative Capacity

Dated:    June ___, 2012

PLAINTIFF GINA BAILEY

_____
Gina Bailey,
Individually and in her Representative Capacity

Dated:    June 13, 2012

PLAINTIFF JENNIFER LAWLER

_____
Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June ___, 2012

PLAINTIFF JOHN WALTERS

_____
John Walters,
Individually and in his Representative Capacity

Dated:    June ___, 2012

PLAINTIFF DANIEL COX

_____
Daniel Cox,
Individually and in his Representative Capacity

Dated:    June ___, 2012

PLAINTIFF CHRISTOPHER DICKEY

_____
Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June ___, 2012

PLAINTIFF GRANT JENKINS

_____
Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June ___, 2012

PLAINTIFF BRADLEY BERENTSON

_____
Bradley Berentson,
Individually and in his Representative Capacity

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated:    June 12, 2012          PLAINTIFF JOSUE ROMERO

_____

Josue Romero,
Individually and in his Representative Capacity

Dated:    June ___, 2012         PLAINTIFF GINA BAILEY

_____

Gina Bailey,
Individually and in her Representative Capacity

Dated:    June ___, 2012         PLAINTIFF JENNIFER LAWLER

_____

Jennifer Lawler,
Individually and in her Representative Capacity

Dated:    June ___, 2012         PLAINTIFF JOHN WALTERS

_____

John Walters,
Individually and in his Representative Capacity

Dated:    June ___, 2012         PLAINTIFF DANIEL COX

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:    June ___, 2012         PLAINTIFF CHRISTOPHER DICKEY

_____

Christopher Dickey,
Individually and in his Representative Capacity

Dated:    June ___, 2012         PLAINTIFF GRANT JENKINS

_____

Grant Jenkins,
Individually and in his Representative Capacity

Dated:    June ___, 2012         PLAINTIFF BRADLEY BERENTSON

_____

Bradley Berentson,
Individually and in his Representative Capacity

The Parties have agreed to the terms of this Settlement Agreement and have signed below.

Dated:   June __, 2012

**PLAINTIFF JOSUE ROMERO**

_____

Josue Romero,
Individually and in his Representative Capacity

Dated:   June __, 2012

**PLAINTIFF GINA BAILEY**

_____

Gina Bailey,
Individually and in her Representative Capacity

Dated:   June __, 2012

**PLAINTIFF JENNIFER LAWLER**

_____

Jennifer Lawler,
Individually and in her Representative Capacity

Dated:   June __, 2012

**PLAINTIFF JOHN WALTERS**

_____

John Walters,
Individually and in his Representative Capacity

Dated:   June /2, 2012

**PLAINTIFF DANIEL COX**

_____

Daniel Cox,
Individually and in his Representative Capacity

Dated:   June __, 2012

**PLAINTIFF CHRISTOPHER DICKEY**

_____

Christopher Dickey,
Individually and in his Representative Capacity

Dated:   June __, 2012

**PLAINTIFF GRANT JENKINS**

_____

Grant Jenkins,
Individually and in his Representative Capacity

Dated:   June __, 2012

**PLAINTIFF BRADLEY BERENTSON**

_____

Bradley Berentson,
Individually and in his Representative Capacity

Dated:    June 13, 2012              **DEFENDANT PROVIDE COMMERCE, INC.**

By:___BLAKE  T.  BILSTAD___

Title:___SVP, General Counsel & Secretary___

On behalf of Provide Commerce, Inc.

Dated:    June ___, 2012             **DEFENDANT REGENT GROUP, INC.**

By:_____

Title:_____

On behalf of Regent Group, Inc.

Dated:    June __, 2012                **DEFENDANT PROVIDE COMMERCE, INC.**

<br>

By:_____

Title:_____

On behalf of Provide Commerce, Inc.

Dated:    June |3, 2012                **DEFENDANT REGENT GROUP, INC.**

_____

By:_____ Barry N Natter_____

Title:_____ General Counsel_____

On behalf of Regent Group, Inc.

# EXHIBIT A

**[PROPOSED] ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

1
2
3
4
5
6
7
8
9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  IN RE: EASYSAVER REWARDS              Case No.  09-CV-2094-AJB (WVG)
    LITIGATION
13                                        **[PROPOSED] ORDER GRANTING**
                                          **PRELIMINARY APPROVAL OF**
14                                        **CLASS SETTLEMENT AND**
                                          **PROVISIONAL CLASS**
15                                        **CERTIFICATION**

16                                        Courtroom:  12
                                          Judge:      Hon. Anthony J. Battaglia
17

18          On _____, 2012, this Court considered plaintiffs Josue Romero, Gina Bailey,

19  Jennifer Lawler, John Walters, Daniel Cox, Christopher Dickey, Grant Jenkins, and Bradley

20  Berentson's (collectively "Plaintiffs") motion for preliminary approval of class settlement and

21  provisional class certification under Rule 23 of the Federal Rules of Civil Procedure.  This Court

22  reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement").

23  Based on this review and the findings below, the Court found good cause to grant the motion.

24  **FINDINGS:**

25          **1.**     The Settlement Agreement was the product of serious, informed, non-collusive

26  negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the

27  proposed class representatives or segments of the class, and falls within the range of possible

28  approval;

                                          1.

**2.**     The Full Notice, Summary Notice, and Claim Form (attached to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

**3.**     The Class is so numerous that joinder of all Class Members is impracticable;

**4.**     Plaintiffs' claims are typical of the Class's claims;

**5.**     There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

**6.**     Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**7.**     Defendants Provide Commerce, Inc. ("Provide Commerce") and Regent Group, Inc. dba Encore Marketing International, Inc. ("RGI") (Provide Commerce and RGI collectively, "Defendants") gave notice pursuant to 28 U.S.C. § 1715(b) on [insert: date].

**IT IS ORDERED THAT:**

**1.     Settlement Approval**.  The Settlement Agreement, including the Full Notice, Summary Notice, and Claim Form, attached to the Settlement Agreement as Exhibits B-D are preliminarily approved.

**2.     Provision of Class Notice**.  Defendants will notify Class Members of the settlement in the manner specified under Section 3.3 of the Settlement Agreement with all costs associated with claims administration and providing notice to Class Members being paid from the Gross Cash Fund pursuant to Section 2.1(a) of the Settlement Agreement.

**3.     Claim for Settlement Payment**.  Class Members who are eligible and want to receive a Settlement Payment under Section 2.1(d) of the Settlement Agreement must accurately completely and deliver a Claim Form to the Claims Administrator no later than one-hundred-and-thirty-five (135) calendar days after entry of this Preliminary Approval Order.

**4.     Objection to Settlement**.  Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement

2.

Agreement must deliver a written objection to Class Counsel and Provide Commerce's Counsel, and RGI's Counsel, and must file such objection with the Court, no later than one hundred and thirty-five (135) calendar days from when the Court enters this Preliminary Approval Order. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (1) a heading containing the name and case number of the Action: *In re EasySaver Rewards Litigation*, Case No. 3:09-cv-02094-AJB (WVG); (2) the Class Member's name, email address, postal address, and telephone number; (3) a detailed statement of each objection and the factual and legal basis for each objection, and the relief that the Class Member is requesting; (4) a list of and copies of all documents or other exhibits which the Class Member may seek to use at the Fairness Hearing; and (5) a statement of whether the Class Member intends to appear, either in person or through counsel, at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

**5.     Failure to Object to Settlement.**  Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

**6.     Requesting Exclusion**.  Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator postmarked no later than one hundred and thirty-five (135) calendar days from when the Court enters this Order stating: (a) the name of the Action, "*In re EasySaver Rewards Litigation*"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he/she does not wish to participate in the Settlement.

**7.     Provisional Certification**.  The Class is provisionally certified as a class of all persons who, between August 19, 2005 and the date of entry of the preliminary approval order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred

3.

Buyers Pass.  Excluded from the Class are (a) Provide Commerce and RGI, (b) any entities in which Provide Commerce or RGI have a controlling interest or which have a controlling interest in Provide Commerce or RGI, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or RGI, and (d) the Judges presiding over the Lawsuit and any of their employees or immediate family members.

**8.     Appointment of Class Representative and Class Counsel**.  Plaintiffs are each conditionally certified as Class Representatives to implement the Parties' proposed Settlement in accordance with the Settlement Agreement.  The law firms of Patterson Law Group, APC (through attorney James R. Patterson), Baron & Budd, P.C. (through attorney Bruce W. Steckler), Andrus Anderson LLP (through attorney Jennie Lee Anderson), and Cohelan Khoury & Singer (through attorney Michael D. Singer) are appointed as Class Counsel.  Plaintiffs and Class Counsel must fairly and adequately protect the Class's interests.

**9.     Termination**.  If the Settlement Agreement terminates by its terms for any reason, including, but not limited to, if Court does not approve the Settlement or enter the Final Order and Judgment, if the Final Settlement Date under the Settlement Agreement does not occur for any reason, or the total amount of $12.5 million is not contributed to the Gross Cash Fund from Defendants collectively, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated, and therefore Plaintiffs will stop functioning as class representatives and Class Counsel will revert to their prior status as interim class counsel; and (c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, including no class certification and Defendants shall retain all their rights to proceed with their pending motions to dismiss.  This Order will not waive or otherwise impact the Parties' rights or arguments.

**10.    No Admissions.**  Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

**11.    Stay of Dates and Deadlines.**    All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12.    **CAFA Notice.**  Defendants have complied with 28 U.S.C. § 1715(b).

13.    **Fairness Hearing**.  On _____2012, at _____ [one hundred seventy-one (171) and one hundred eighty-five (185) calendar days after entry of the preliminary approval order, subject to the Court's availability], this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the settlement. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing.  This Court may order the Fairness Hearing to be postponed, adjourned, or continued.  If that occurs, Defendants will not be required to provide additional notice to class members.

DATED:_____          _____
                                        Hon. Anthony J. Battaglia
                                        U.S. DISTRICT COURT JUDGE

5.

# Exhibit B

## Full Notice

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
*In re EasySaver Rewards Litigation*
**Case No. 3:09-cv-02094-AJB (WVG)**
**United States District Court for the Southern District of California**

You are receiving this notice to inform you of a proposed settlement of a class action lawsuit entitled *In re EasySaver Rewards Litigation*, Case No. 3:09-cv-02094-AJB (WVG), pending in the United States District Court for the Southern District of California (the "Action").

> **The proposed settlement ("Settlement") is on behalf of a nationwide class of persons (the "Class") defined as: All persons who, between August 19, 2005 and [insert: date of entry of the preliminary approval order], placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass (the "Membership Programs")**.

The Provide Commerce, Inc. websites include ProFlowers.com, RedEnvelope.com, CherryMoonFarms.com, SecretSpoon.com, (formerly operated), and Berries.com (also known as Shari's Berries) (collectively the "Provide Commerce Websites"). Excluded from the Class are (a) Defendants Provide Commerce, Inc. ("Provide Commerce") and Regent Group, Inc. dba Encore Marketing International, ("EMI") (collectively the "Defendants"), (b) any entities in which Provide Commerce or EMI have a controlling interest or which have a controlling interest in Provide Commerce or EMI, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or EMI, and (d) the Judges presiding over the Action and any of their employees or  immediate family members. **The Settlement will resolve the Action in which it was alleged, among other things, that persons were enrolled in one or more of the Membership Programs and charged membership fees without their knowledge or consent and did not receive an appropriate confirmation of their enrollment.**

The proposed Settlement will provide a combination of benefits to the Class as described more fully below. Certain benefits will be provided to the Class without any further action required by Class Members.  Other benefits are available only to certain eligible Class Members through the claims process described below.

**The Court has granted preliminary approval of the Settlement, and a hearing on the fairness of the proposed Settlement has been set for _____, 2012 at _____  before the Honorable Anthony J. Battaglia in Courtroom 12 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900.**  At that time, the Court will determine whether the Settlement is fair, reasonable, and adequate, and will also consider the request of Class Counsel for attorneys' fees and costs and enhancement awards for the class representatives and any objections.  This Notice explains the nature of the Action and provides a summary of the proposed Settlement, your rights, obligations, and options under the proposed Settlement, all of which are further explained below.  **You should read this notice carefully because it will affect your legal rights and obligations regardless of whether you take any action.**

### SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**1.  What is this Notice and why should I read it?**

This Notice is to inform you of a proposed Settlement of a class action lawsuit entitled *In re EasySaver Rewards Litigation*, Case No. 3:09-cv-02094-AJB (WVG), which is referred to in this Notice as the "Action." This Notice provides a summary of the proposed Settlement and the benefits available to Class Members.  This Notice also provides Class Members with an explanation of their rights, obligations, and options under the proposed Settlement and the deadlines within which to exercise them.

**2.    What is a class action lawsuit and what is this Action about?**

A class action lawsuit is a legal action in which one or more people seek to represent a large group of people called the "class."  The purpose of a class action lawsuit is to resolve at one time all of the similar legal claims of the members of the group.  Here, the Named Plaintiffs in the Action alleged that they and other persons were enrolled in one or more of the Membership Programs and  charged membership fees without their knowledge or consent after placing an order for merchandise with a Provide Commerce Website and did not receive an appropriate confirmation of their enrollment.  The Named Plaintiffs have asserted various legal claims, including claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, unjust enrichment, invasion of privacy – intrusion into private matters, negligence, and for alleged violations of California's Consumers Legal Remedies Act, California's Unfair Competition Law and the federal Electronic Funds Transfer Act.  Defendants deny any wrongdoing or liability whatsoever, and no court or other entity has made any judgment or other determination of liability or the merits of the Named Plaintiffs' allegations.

**3.    Why is there a Proposed Settlement?**

The Court has not decided in favor of either side in the case.  The Named Plaintiffs believe their claims have merit.  Defendants deny all allegations of wrongdoing or liability against them whatsoever and further contend that their conduct was lawful at all times.  Defendants are settling to avoid the expense, inconvenience, and inherent risk of litigation, as well as the interferences with and disruption to ongoing business operations that are associated with litigation.  Plaintiffs and their attorneys believe that the proposed Settlement is in the best interest of the Class because it provides an appropriate recovery for Class Members now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals.

The proposed Settlement was reached after several months of negotiations, including several mediation sessions before impartial mediators and the Magistrate Judge of the United States District Court assigned to the case.

**4.    Who is included in the proposed Settlement?**

By Order dated _____, 2012, the Court provisionally certified this case as a class action for purposes of effectuating the proposed Settlement with the Class defined as:  All persons who, between August 19, 2005 and [insert: date of entry of the preliminary approval order], placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass.  Excluded from the Class are (a) Provide Commerce and RGI, (b) any entities in which Provide Commerce or RGI have a controlling interest or which have a controlling interest in Provide Commerce or RGI, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or RGI, and (d) the Judges presiding over the Lawsuit and any of their employees or immediate family members.

**5.    What benefits does the proposed Settlement provide and what are my options?**

The Settlement provides a combination of benefits to Class Members.  As part of the proposed Settlement, all Class Members will automatically be sent by email one fully transferable $20 credit valid only for a future on-line purchase of merchandise at ProFlowers.com, RedEnvelope.com, Berries.com, and CherryMoonFarms.com ("$20 Credit").  Defendants will also collectively pay a total of $12.5 Million ("Gross Cash Fund") to be used to pay any and all fees and costs, including, but not limited to, all claims administration fees and costs, court-approved Class Counsel's fees and costs award, and court-approved Named Plaintiffs' enhancement awards for serving as class representatives as further described below.  The remaining balance ("Net Cash Fund") shall be distributed to eligible Class Members that submit valid claims as further described below.

If the Settlement is approved by the Court, you will automatically be sent by email the $20 Credit.  No further action is required on your part to obtain this benefit, unless you received a notice on a postcard by U.S. Mail, in which case you must provide a valid email address to the Claims Administrator to be sent the $20 Credit

by email.  The $20 Credit will not be sent until after the Court approves the proposed Settlement, the timing of which is more fully described in the Settlement Agreement.  The $20 Credit is subject to the following terms: (i) expires one year after distribution date; (ii) not valid for order or delivery of products on December 17 to 24, 2012, February 4 to 14, 2013, May 1 to 12, 2013, and December 16 to 24, 2013 (and corresponding time periods in 2014 through the expiration date should the $20 Credit not be distributed until 2013); (iii) one $20 Credit per Class Member; (iv) not redeemable for cash and not refundable; (v) will not be replaced if lost or stolen; (vi) not valid for Same Day, International or Wedding Services (including, not valid on www.floristexpress.net, www.floristexpressonline.net, www.fruitbaskettoday.com, and ProFlowersInternational.com), third party hosted products (*e.g.* wine), or for the purchase of Giftcards; (vii) not combinable with discount or gift codes, cannot be used with hyperlink or URL based offers (including certain email offers or third party promotions) or previous purchases, but does apply to markdown, bundled, and discounted products; and (viii) must be used in a single transaction (no change, credit, or cash given and any balance not used is lost).

If the Settlement is approved by the Court, the Gross Cash Fund will pay for, in order (i) all fees and costs incurred by the Claims Administrator for the administration of the Settlement, including, but not limited to, preparing, issuing, distributing, emailing, and monitoring all necessary notices and forms, declarations, filings, and related documents, including developing, maintaining, and operating an Internet website specifically created for the Settlement of this action, communicating with and responding to Class Members, computing Settlement Payments from the Net Cash Fund to Class Members that have made claims, establishing or maintaining an account for the Gross Cash Fund, and distributing payments out of the Gross Cash Fund or Net Cash Fund, (ii) Named Plaintiffs' enhancement awards of up to $15,000 each for plaintiffs Romero and Bailey, up to $10,000.00 each to plaintiffs Berentson, Jenkins, Cox, and Lawler, and up to $5,000.00 each to plaintiffs Walters and Dickey, and (iii) Class Counsel's Attorneys' fees and costs Award of up to, and not more than, $8.65 million in fees and $200,000 in costs.  After any and all fees and costs are paid out of the Gross Cash Fund, the Net Cash Fund will be distributed to eligible Class Members that submit valid claims on a pro rata basis up to the full amounts charged for monthly membership fees less any full or partial refund previously received.

Class Members may be eligible for a payment from the Net Cash Fund.  To be eligible for this potential additional benefit, a Class Member must submit a Claim Form signed under penalty of perjury stating, among other things, that at the time they were enrolled they did not knowingly authorize their enrollment in the Membership Program(s) for which they were charged and did not use any of the benefits of the Membership Program(s) other than the dollar-off-code for a future Provide Commerce website purchase.  The amount to be received by eligible Class Members will depend upon the number of claims submitted and the amount of fees paid for Membership Program(s) less any full or partial refund previously received.  Only individuals who were actually enrolled in a Membership Program and were charged the activation fee and at least one monthly membership fee are eligible to participate in this claims process.  Some members enrolled and later cancelled their memberships and received full or partial refunds of their monthly membership fees.  Other members received a full or partial refund through a chargeback, that is a bank-initiated reversal or return of charges or transfers of funds from the individual's credit card or bank account.  No member will be entitled to receive a payment to the extent he/she already received a refund or chargeback of the monthly membership fees he/she paid.  Also, some members enrolled but were not charged a monthly membership fee at all.  This could have occurred for a variety of reasons, including that their credit or debit card was not accepted for a charge of the membership fee or that the member himself or herself cancelled the membership prior to being billed for the monthly membership fee.  Individuals who were never charged a monthly membership fee will not be entitled to any additional benefits other than the $20 Credit referenced above.  Class Members who used or requested a benefit, directory, or other service provided through any of the Membership Programs other than the dollar-off-code for a future Provide Commerce website purchase (including, but not limited to, cash back on gift cards, travel and/or leisure discounts, discounted movie or theme park tickets or free concierge services) are not eligible to participate in this claims process.  Depending upon the number of claims and the type of claims received, the Settlement fund may be sufficient to satisfy the full amount of all claims.  If the claims submitted exceed in dollar amount the amount of the Net Cash Fund, Claimants will receive pro-rated payments on their claims.  To the extent the claims submitted do not exceed in dollar amount the amount of the Net Cash Fund or any payments mailed are returned as undeliverable, any unclaimed portion of the Net Cash Fund will be paid on an equal basis to the following non-profit college or university academic institutions located in San Diego County, California, with the payments specified to be used for a chair, professorship, fellowship, lectureship,

seminar series or similar funding, gift, or donation program developed and coordinated between Provide Commerce and the respective institutions (depending on the amount of the remainder) regarding internet privacy or internet data security: California State University at San Diego (San Diego State University), University of California at San Diego, and University of San Diego School of Law.

Enrollment in a Membership Program, eligibility, the amount of fees paid and not previously refunded, and all other information provided in the Claim Form will be subject to verification through EMI's records by the Claims Administrator, and those records will have a rebuttable presumption of accuracy.  Defendants are also entitled, at their option, to review submitted Claim Forms.  You may submit a Claim Form by mail or electronically by going to the homepage at www._____.com and following the instructions provided on the website.  You can also obtain a Claim Form by writing to the Claims Administrator at: _____.  **Your Claim Form must be completed and submitted by _____ to be eligible for this additional potential benefit.**  The submission date is deemed to be the date (a) the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, in the case of submission by U.S. mail, or by date of delivery if sent by FedEx, UPS, or comparable courier, or (b) in the case of submission electronically through the Settlement website, the date the Claims Administrator receives the Claim Form as evidenced by the transmission receipt.

6. **Who represents the proposed Settlement Class?**

The Court has approved the appointment of the following lawyers and law firms ("Class Counsel") as counsel for the Class Members:

James R. Patterson
PATTERSON LAW GROUP, APC
402 West Broadway, 29th Floor
San Diego, California 92101

Bruce W. Steckler
BARON & BUDD PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219

Michael D. Singer
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, California 92101

Jennie Lee Anderson
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, California 94104

From the beginning of the case in 2009 to the present, Class Counsel has not received any payment for their services in prosecuting this case or in obtaining this proposed Settlement, nor have they been reimbursed for any out-of-pocket expenses they have incurred.  Class Counsel will apply to the Court for an award of attorneys' fees and costs in a total amount of up to, and not more than, $8.65 million in fees and $200,000 in costs to be paid from the Settlement Fund.  Defendants have agreed not to oppose Class Counsel's application for an award of attorneys' fees and costs of up to this amount amounts.  If the Court approves Class Counsel's motion or application for fees and costs, it will be paid from the Settlement Fund.  Class Members will not have to pay anything toward the fees or costs of Class Counsel.  You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the Settlement on behalf of the Class Members.  You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

7. **How can I exclude myself from the Settlement Class?**

Any Class Member has the right to be excluded from the Class by written request.  If you wish to be excluded from the Class you must send a letter or postcard to the Claims Administrator stating: (a) the name of the Action, "*In re EasySaver Rewards Litigation*"; (b) your full name, address, and telephone number; and (c) a statement that you do not wish to participate in the Settlement.  **A Class Member's exclusion request must be must be postmarked no later than _____, 2012 and sent to the Claims Administrator at the following address: _____.**

A request for exclusion that does not include all of the above information, that is sent to an address other than the one listed above or that is not timely postmarked will not be valid and the person requesting exclusion will be considered a member of the Class and be bound by the Settlement as a Class Member.

If you properly and timely request to exclude yourself from the Class, you will not have any rights as a member of the Class pursuant to the proposed Settlement, will not receive any of the proposed Settlement's benefits described in this Notice, will not be bound by any further orders or the judgment entered in the Action, and will remain able to pursue any claims alleged in the Action against Defendants on your own and at your own expense and with your own counsel. If you proceed on an individual basis after excluding yourself from the Class you may receive more, or less, of a benefit than you would otherwise receive under this proposed Settlement, or no benefit at all.

### 8. How can I object to the Settlement?

If you do not exclude yourself from the Class, you can comment in opposition to the Settlement, which is known as an objection, and you have the right to appear before the Court to express your opposition. **Your written objection in opposition to the Settlement must be submitted in writing and filed with the Court by _____, 2012.** The address for the Clerk of the Court is as follows: Office of the Clerk, U.S. District Court for the Southern District of California, 880 Front Street, Suite 4290, San Diego, California 92101-8900. You must also send copies of your written objection in opposition to the Settlement to the attorneys for the parties at the following addresses:

> **Class Counsel:**
> James R. Patterson
> PATTERSON LAW GROUP, APC
> 402 West Broadway, 29th Floor
> San Diego, California 92101
>
> **Counsel for Provide Commerce, Inc.:**
> Michael G. Rhodes
> Leo P. Norton
> Michelle C. Doolin
> COOLEY LLP
> 4401 Eastgate Mall
> San Diego, California 92121-9109
>
> **Counsel for EMI:**
> Myron M. Cherry
> Jacie C. Zolna
> MYRON M. CHERRY & ASSOCIATES, LLC
> 30 North LaSalle Street, Suite 2300
> Chicago, Illinois 60602

To be valid and considered by the Court, any such written objection must include the following information: (1) a heading referring to *In re EasySaver Rewards Litigation*, Case No. 3:09-cv-02094-AJB (WVG); (2) your name, email address, postal address, and telephone number; (3) a detailed statement of each objection you are making and the factual and legal basis for each objection, and the relief that you are requesting; (4) a list of and copies of all documents or other exhibits which you may seek to use at the final approval hearing; and (5) a statement of whether you intend to appear, either in person or through counsel, at the final approval hearing. You may, but need not, file and serve your objection through counsel of your choice, and you may appear at the Fairness Hearing either in person or through personal counsel hired at your expense. If you do make your objection or appearance at the Fairness Hearing through an attorney, you will be responsible for your personal attorney's fees and costs. Also, if you intend to appear at the Fairness Hearing through personal counsel hired at your expense, you must identify the counsel's name, postal address, phone number, email address, and the state bar(s) to which the counsel is admitted in your written objection. Any Points and Authorities submitted in support of your written objection must contain any and all legal authority upon which you will rely.

If you do not submit a written objection to the proposed Settlement or the motion or application of Class Counsel for Named Plaintiffs' enhancement awards and Class Counsel's attorneys' fees and costs in accordance with the deadline and procedure set forth above, you will waive your right to be heard at the Fairness Hearing.

If you do not object as described above and you do not exclude yourself from the Class, you will be deemed to have consented to the Court's certification of and jurisdiction over the Class, and to have released the claims at issue against Defendants as explained below and will otherwise be bound by the proposed Settlement.

### 9. When and where is the Fairness Hearing?

The Fairness Hearing has been set for _____, 2012 at _____ before the Honorable Anthony J. Battaglia in Courtroom 12 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900. The Court will hear any comments from the parties or objections concerning the fairness of the proposed Settlement at the Fairness Hearing, including the amount requested by Class Counsel for Named Plaintiffs' enhancement awards and Class Counsel's attorneys' fees and costs.

You **do not** need to attend the Fairness Hearing to remain a Class Member or to obtain any benefits under the proposed Settlement. You or your own personal attorney may attend the hearing if you wish, at your own expense. You do not need to attend this hearing to have a properly filed and served written objection as described in Paragraph 8 to be considered by the Court.

### 10. What is the effect of final Settlement approval?

If the Court approves the proposed Settlement after the Fairness Hearing, it will enter a judgment dismissing the Action with prejudice and releasing all related legal claims against the Defendants and parties related to them (the "Released Parties") based on the allegations in the Action. This means that Class Members will be forever barred from bringing, continuing, or being part of any other lawsuit based on their enrollment or membership in any of the Membership Programs, any charges incurred for the Membership Programs or any of the allegations in the Action. If you do not exclude yourself from the Class, the proposed Settlement will be your sole mechanism for obtaining any relief and you will be barred from suing Provide Commerce or EMI in an effort to obtain additional payments or relief. If you are a Class Member and do not want to be barred from bringing, continuing, or being part of such a lawsuit, you must exclude yourself from the Class and the proposed Settlement through the procedures outlined above in Paragraph 7.

The Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their successors, assigns, legatees, heirs, and personal representatives, release and forever discharge defendants Provide Commerce, Inc. and Regent Group, Inc., and each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to the Membership Programs, (ii) the past or continued billing, debiting, or charging of fees associated with the Membership Programs, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with any of the Membership Programs (or any alleged failure to provide a copy of such authorization), (iv) the billing cycle, time period, or frequency of the charges for the Membership Programs, and (v) any and all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, violations of the California Consumers Legal Remedies Act,

unjust enrichment, violations of the Electronic Funds Transfer Act, invasion of privacy – intrusion into private matters, negligence, or violations of California's Unfair Competition Law (the "Released Claims").

With respect to the Released Claims, the Named Plaintiffs and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, and personal representatives, expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

The Named Plaintiffs and all Class Members fully understand that the facts on which the Settlement Agreement is executed may be different from the facts believed by the Named Plaintiffs and Class Members to be true and expressly accept and assume the risk of this possible difference in facts and agree the Settlement Agreement remains effective despite any difference in facts.  Further, the Named Plaintiffs and Class Members agree that this waiver is an essential and material term of this release and the Settlement Agreement that underlies it and that without such waiver the Settlement Agreement would not have been accepted or agreed to.

**If the proposed Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.  There can be no assurance that if the Settlement is not approved and the case resumes that Class Members will recover more than what is provided for under the Settlement, or will recover anything at all.**

**11. Where can I get more information about the proposed Settlement?**

This Notice provides only a summary of the matters relating to the Settlement.   More detailed information is provided in the Settlement Agreement.  You can view the Settlement Agreement and obtain more information about the Settlement at www._____.com.  In order to see the complete case file, including the Settlement Agreement and all other pleadings and papers filed in the Action, you should visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/.  You may also visit or call the Clerk's office at the Edward J. Schwartz U.S. Courthouse located at 940 Front Street, San Diego, California 92101-8900, (619) 557-5600.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense, but will not address any questions about the proposed Settlement or the Action.

**PLEASE DO <u>NOT</u> CONTACT THE COURT (INCLUDING THE CLERK OF THE COURT OR THE JUDGE), PROVIDE COMMERCE, INC. OR THE MEMBERSHIP PROGRAM PROVIDER (REGENT GROUP, INC.) WITH QUESTIONS ABOUT THE SETTLEMENT, ANY OF THE BENEFITS PROVIDED UNDER THE SETTLEMENT, OR THE ACTION**

**PLEASE ADDRESS ANY FURTHER CONTACT TO THE CLAIMS ADMINISTRATOR AT**

*In re EasySaver Rewards Litigation* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]
EMAIL: [EMAIL ADDRESS]

Dated: _____, 2012         By: Order of the United States District Court for the Southern District of California
HONORABLE ANTHONY J. BATTAGLIA
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT C

**SUMMARY NOTICE**

**IF YOU PLACED AN ORDER FOR MERCHANDISE ON A WEBSITE OPERATED BY PROVIDE COMMERCE, INC., BETWEEN AUGUST 19, 2005 AND [INSERT: DATE OF ENTRY OF THE PRELIMINARY APPROVAL ORDER] AND WERE SUBSEQUENTLY ENROLLED IN ONE OR MORE OF THE FOLLOWING MEMBERSHIP PROGRAMS: EASYSAVER REWARDS, RED ENVELOPE REWARDS OR PREFERRED BUYERS PASS, YOU MIGHT BE A CLASS MEMBER IN A LAWSUIT TITLED *IN RE EASYSAVER REWARDS LITIGATION,* PENDING IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, CASE NO. 3:09-CV-02094-AJB (WVG).    A PROPOSED SETTLEMENT OF THIS NATIONWIDE CLASS ACTION HAS BEEN REACHED.    IF YOU ARE A CLASS MEMBER, THE PROPOSED SETTLEMENT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.**

**The Court has granted preliminary approval of the Settlement and set a hearing on the fairness of the proposed Settlement for _____, 2012 at _____ before the Honorable Anthony J. Battaglia in Courtroom 12 of the U.S. District Court for the Southern District of California, 940 Front Street, San Diego, California 92101-8900.**    At that time, the Court will determine whether the Settlement is fair, reasonable and adequate, and will also consider the request of Class Counsel for attorneys' fees and costs and an enhancement award for the class representatives and any objections.    As part of the proposed Settlement, all Class Members will automatically be sent by email one transferable $20 Credit valid only for on-line purchases of merchandise at certain Provide Commerce, Inc. websites (with certain other limitations described in the Full Notice).    No further action is required by Class Members to obtain this $20 Credit.    Class Members may also be eligible for an additional monetary benefit.    To be eligible for this potential additional benefit, a Class Member must meet certain eligibility requirements and submit a Claim Form signed under penalty of perjury stating, among other things, that they did not knowingly authorize their enrollment in the membership program in which they were enrolled and did not use any of the benefits of the program other than the dollar-off-code for a future Provide Commerce website purchase.    More detailed information about the nature of and eligibility for this potential additional benefit is set forth in the Full Notice.    You can view and download the Full Notice of the proposed Settlement Agreement, a copy of the Claim Form, and obtain other information at the Claims Administrator's website: www._____.com.    You may also request a copy of the Full Notice and a Claim Form from the Claims Administrator by mail:

*In re EasySaver Rewards Litigation* Claims Administrator
[MAILING ADDRESS]
[CITY], [STATE] [ZIP CODE]

You have until **[one hundred thirty-five (135) days after entry of the Preliminary Approval Order]** to exclude yourself from the Class or to object to the Settlement, as well as to submit a Claim Form.    You will be deemed part of the Class and to have released Regent Group, Inc. and Provide Commerce, Inc. from all claims as described in the Full Notice and Settlement Agreement if you do not request to be excluded from the Settlement before [one hundred thirty-five (135) days after entry of the Preliminary Approval Order].

# Exhibit D

## Claim Form

# CLAIM FORM

*In re EasySaver Rewards Litigation*
**Case No. 3:09-cv-02094-AJB (WVG)**
**United States District Court for the Southern District of California**

**INSTRUCTIONS**:  You must fill out this claim form completely and accurately.  If you fail to provide all of the information required in this claim form, your claim may be rejected or delayed.  For purposes of this claim form, the term "Membership Programs" includes EasySaver Rewards, RedEnvelope Rewards and Preferred Buyers Pass.  **YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [ONE HUNDRED THIRTY-FIVE (135) DAYS AFTER ENTRY OF THE PRELIMINARY APPROVAL ORDER].**  *By submitting this claim form, you will be included as a member of the Class identified in the Full Notice, and thereby will be releasing Provide Commerce, Inc. and Regent Group, Inc. from all claims as provided in the Settlement Agreement and this claim form.  If you also submit a request for exclusion from the Class and Settlement in addition to this claim form, the request for exclusion will be deemed invalid.*

1.  **Contact Information:**

    Please legibly print or type the following information:

    _____
    First Name              Last Name

    _____ ____
    Current Street Address

    _____ ____   _____
    City                    State    Zip      Phone Number

    Current Email Address(es): _____   _____

                               _____   _____

    If you resided at a prior address or used a different email address at any time from August 19, 2005 to the present, and you believe your prior contact information may have been used at the time of your enrollment please list all such addresses and the approximate dates you resided there:

    Address:_____       Dates of residence:  _____
             _____
             _____

    Address:_____       Dates of residence:  _____
             _____
             _____

    (attach additional pages if necessary)

    Other Email Address(es)

                               _____   _____

                               _____   _____

    (attach additional pages if necessary)

2.  **Required Certifications (THE FAILURE TO CLICK BOTH CERTIFICATIONS WILL RESULT IN DENIAL OF YOUR MONETARY CLAIM):**

Check each of the following two statements to certify that both are applicable to you, as well as true and correct:

☐     To the best of my knowledge, information and belief, I did not knowingly agree to enroll in any of the Membership Programs described in the Class Notice.

☐     I did not use a benefit, directory, or other service provided through any of the Membership Programs described in the Class Notice (including, but not limited to, cash back on gift cards, travel or leisure discounts, discounted movie or theme park tickets or free concierge services)

*Defendants Provide Commerce, Inc. and Regent Group, Inc. may verify the accuracy of your claim.*

**3.**     <u>**Release:**</u>

On behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I release and forever discharge defendants Provide Commerce, Inc. and Regent Group, Inc., and each of their respective direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors and assigns, partners, privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of action, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which I have or may have arising out of or relating to any of the acts, omissions or other conduct that have or could have been alleged or otherwise referred to in the Action including, but not limited to, (i) the marketing, advertising, enrollment, registration, disclosure of membership billing terms, handling of personal or financial information, or sharing of contact and payment information as they relate to the Membership Programs, (ii) the past or continued billing, debiting, or charging of fees associated with the Membership Programs, (iii) the adequacy or inadequacy of any notification of enrollment or copy of authorization to debit accounts for any fees associated with any of the Membership Programs (or any alleged failure to provide a copy of such authorization), (iv) the billing cycle, time period, or frequency of the charges for the Membership Programs, and (v) any and all claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, violations of the California Consumers Legal Remedies Act, unjust enrichment, violations of the Electronic Funds Transfer Act, invasion of privacy – intrusion into private matters, negligence, or violations of California's Unfair Competition Law (the "Released Claims").

With respect to the released claims, on behalf of myself and my successors, assigns, legatees, heirs, and personal representatives, I expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

**4.**     <u>**Required Declaration**</u>**:**

**I agree that by submitting this claim form I hereby declare and state under the penalty of perjury of the laws of the United States of America that all of the forgoing is true and correct to the best of my knowledge. Entering my name and email address in the fields below and clicking "Submit" below constitutes my electronic signature on the date of its submission and my acknowledgment that I am intentionally submitting a claim in accordance with the foregoing terms and those terms specified in the Full Notice and Settlement Agreement.**

**Name: _____     Email: _____**

IF SUBMITTED BY U.S. MAIL:

**I hereby declare and state under penalty of perjury under the laws of the United States of America that that all of the forgoing is true and correct to the best of my knowledge.  My signature below constitutes my acknowledgment that I am intentionally submitting a claim in accordance with the foregoing terms and those terms specified in the Full Notice and Settlement Agreement.**

Dated:_____          Signature: _____

# EXHIBIT E

### [PROPOSED] FINAL ORDER APPROVING
### CLASS ACTION SETTLEMENT AND JUDGMENT

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12 | IN RE: EASYSAVER REWARDS
LITIGATION

Case No.  09-CV-2094-AJB (WVG)

13

**[PROPOSED] FINAL ORDER
APPROVING CLASS ACTION
SETTLEMENT AND JUDGMENT**

14

15

Courtroom:  12
Judge:        Hon. Anthony J. Battaglia

16
17

18         On _____, 2012, this Court heard plaintiffs Josue Romero, Gina Bailey, Jennifer

19
Lawler, John Walters, Daniel Cox, Christopher Dickey, Grant Jenkins, and Bradley Berentson's
20
(collectively "Plaintiffs") motion for final approval of the proposed class action settlement.  This

21
Court reviewed: (a) the motion and the supporting papers, including, the Settlement Agreement
22
and Release ("Settlement Agreement"); (b) any objections filed with or presented to the Court; (c)
23
the parties' responses to any objections; and (d) counsels' arguments.  Based on this review and
24
the findings below, the Court found good cause to grant the motion.
25
/ / /
26
/ / /
27
/ / /
28

1.

**FINDINGS:**

**1.**      The Settlement Agreement was fair, reasonable, and adequate.

**2.**      The parties adequately performed their obligations under the Settlement Agreement.

**3.**      Defendants Provide Commerce, Inc. ("Provide Commerce") and Regent Group, Inc. dba Encore Marketing International, Inc. ("RGI") (Provide Commerce and RGI collectively, "Defendants") provided notice to Class Members in compliance with Section 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.   The notice: (i) fully and accurately informed Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date and place of the final fairness hearing.

**4.**      An   award   of   $_____   in   attorneys'   fees   and   of $_____ in costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

**5.**      An enhancement award of $_____ each to plaintiffs Josue Romero and Gina Bailey, of $_____ each to plaintiffs Bradley Berentson, Grant Jenkins, Daniel Cox, and Jennifer Lawler, and of $_____ to plaintiffs John Walters and Christopher Dickey is fair and reasonable in light of: (a) Plaintiffs' respective risks (including financial, professional, and emotional) in commencing this action as the Class Representatives; (b) the time and effort spent by the respective Plaintiffs in litigating this action as the Class Representative; and (c) Plaintiffs' public interest service.

**IT IS ORDERED THAT:**

**1.**      **Class**. The Class is defined as:

All persons who, between August 19, 2005 and the date of entry of

2.

the preliminary approval order, placed an order with a website operated by Provide Commerce, Inc. and were subsequently enrolled by Regent Group Inc. dba Encore Marketing International, Inc. in one or more of the following membership programs: EasySaver Rewards, RedEnvelope Rewards, or Preferred Buyers Pass. Excluded from the Class are (a) Provide Commerce and RGI, (b) any entities in which Provide Commerce or RGI have a controlling interest or which have a controlling interest in Provide Commerce or RGI, (c) the officers, directors, employees, subsidiaries, affiliates, and attorneys of Provide Commerce or RGI, and (d) the Judges presiding over the Lawsuit and any of their employees or immediate family members.

2.    **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all Class Members, including those who did not properly request exclusion under paragraph 6 of the Preliminary Approval of Class Settlement and Provisional Class Certification Order.  This order does not bind persons who filed timely and valid Requests for Exclusions.  Attached as Exhibit A is a list of persons who properly requested to be excluded from the settlement.

3.    **Release**.  Plaintiffs and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Defendants from all claims arising out of or asserted in this action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in Sections 4.2 and 4.3 of the Settlement Agreement.

4.    **$20 Credit**.  Provide Commerce will provide one $20 Credit by email to each Class Member as set forth in Sections 2.2 and 3.13 of the Settlement Agreement no later than twenty-five (25) calendar days after the Final Settlement Date, which is defined under Section 1.11 of the Settlement Agreement.

5.    **Cash Fund**.  Defendants will pay a total of $12.5 million to establish the Gross Cash Fund to be used to pay any and all fees and costs, including, but not limited to, all claims administration fees and costs, Class Counsel's fees and costs award set forth below, and Plaintiffs' enhancement awards set forth below, with the remaining balance, defined as the Net Cash Fund under the Settlement Agreement, to be distributed to Class Members who are eligible

3.

for and validly and timely submit Claim Forms in the form of Settlement Payments as described under Section 2.1(d) of the Settlement Agreement.

**6.    Less Than Full Funding of Cash Fund**.  If the total amount of $12.5 million is not contributed to the Gross Cash Fund from Defendants collectively in accordance with the agreement reached amongst themselves and their respective insurers within fourteen (14) days of the docketing of this order, then the Settlement Agreement shall be null and void *ab initio* and this order will be vacated as provided for under Sections 2.1(f) and 3.12 of the Settlement Agreement.

**7.    Attorney's Fees and Costs**.  Class Counsel is awarded $_____ in fees and costs.  Defendants, through the Claims Administrator, must pay Class Counsel this amount from the Gross Cash Fund according to the timeline set forth in Section 2.1(c) of the Settlement Agreement.

**8.    Calculation of Attorneys' Fees**.  The Court used the _____ method to calculate the attorneys' fees award.  [Using the lodestar method, the Court finds that Class Counsel's hours and expenses were reasonable.  The Court has considered the appropriate factors to determine that a multiplier is/is not appropriate. ] [The Court calculates a multiplier of __.__ by dividing the total award ($_____) by the lodestar figure ($_____).] [The Court did/did not cross-check these calculations.] [The awarded attorneys' fees reflect approximately (_____)% of the settlement value, calculated by dividing the total fee award ($_____) by the settlement value (_____) made available to the Class as a result of the Settlement Agreement.]

**9.    Enhancement Awards**.  Plaintiffs Josue Romero and Gina Bailey are awarded $_____ each as an enhancement award, plaintiffs Bradley Berentson, Grant Jenkins, Daniel Cox, and Jennifer Lawler are awarded $_____ each as an enhancement award, and plaintiffs John Walters and Christopher Dickey are awarded $_____ each as an enhancement award.  Defendants, through the Claims Administrator, must pay Plaintiffs these amounts from the Gross Cash Fund according to the timeline set forth in Section 2.1(b) of the Settlement Agreement.

4.

**10.     Settlement Payments**.  Defendants, through the Claims Administrator, must make Settlement Payments from the Net Cash Fund to Authorized Claimants according to Section 2.1(d) of the Settlement Agreement by mailing Settlement Payments to Authorized Claimants no later than twenty-five (25) calendar days after the Final Settlement Date, which is defined under Section 1.11 of the Settlement Agreement.

**11.     Remainder**.   Any unclaimed portion of the Net Cash Fund after mailing of Settlement Payments to Authorized Claimants and after any mailed Settlements are returned to the Claims Administrator as undeliverable must be paid on an equal basis to the following non-profit college or university academic institutions located in San Diego County, California, with the payments specified to be used for a chair, professorship, fellowship, lectureship, seminar series or similar funding, gift or donation program developed and coordinated between Provide Commerce and the respective institutions (depending on the amount of the remainder) regarding internet privacy or internet data security: California State University at San Diego (San Diego State University), University of California at San Diego, and University of San Diego School of Law.  Defendants, through the Claims Administrator, must mail or wire the payments from the Net Cash Fund according to the timeline set forth in Section 2.1(e) of the Settlement Agreement.

**12.     Dismissal of Action**.  This action, including all of the individual and class claims included therein, is hereby dismissed on the merits and with prejudice.  The Clerk of the Court is hereby instructed to close the file for this action.

**13.     Court's Jurisdiction**.   Pursuant to the parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

DATED:_____          _____

Hon. Anthony J. Battaglia
UNITED STATES DISTRICT COURT JUDGE