IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTD COMPANIES, INC., *et al.*, | Case No. 19-11240 (LSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline:  June 27, 2019 (extended by agreement)**<br>**Hearing Date:  July 2, 2019 at 2:00 p.m.** |
| | **Related to Docket Nos. 19 and 60** |

### LIMITED OBJECTION OF OND PROPERTY LLC
### TO ENTRY OF FINAL DIP ORDER
### [NOTICE OF POST-PETITION DEFUALT]

OND Property LLC (the "Landlord"), hereby submits this limited objection (the "Limited Objection") to the *Motion of the Debtors, Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, for Interim and Final Orders, (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling Final Hearing, and (IV) Granting Related Relief* (the "DIP Motion") (Docket No. 19) and *Interim Order Pursuant to Sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2, for Interim and Final Orders, (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling Final Hearing, and (IV) Granting Related Relief* (the "Interim DIP Order") (Docket No. 60).[1]  In brief, the Landlord objects to the extent the DIP Collateral includes the Debtors' leasehold interests in direct violation of their lease

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Interim DIP Order.

with the Landlord.  Instead, as is typical in most if not every chapter 11 case filed in this

District (and other Districts), the Landlord requests that the Final Order limit the scope of

the DIP Collateral to proceeds from the sale, transfer or other disposition of leases.  The

Landlord attempted in good faith to resolve its objection by reaching out to the Debtors'

counsel last week and reaching out directly to counsel to the DIP Secured Parties earlier

this week.  This Limited Objection shall also serve as a formal notice of default under the

Lease on the grounds that the DIP Lien on the Lease constitutes an unauthorized transfer

expressly prohibited under Section 45 of the Lease.  In further support of its Limited

Objection, Landlord respectfully states as follows:

## BACKGROUND

1.      On June 3, 2019 (the "Petition Date"), the Debtors filed their petitions for

relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of

Delaware (the "Bankruptcy Court").  The Debtors are operating their business and

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108

of the Bankruptcy Code.

2.      On the same date, the Debtors filed the DIP Motion.  On June 5, 2019, the

Bankruptcy Court entered the Interim DIP Order.

3.      The Landlord is party to a nonresidential real property lease dated

February 12, 2018 (the "Lease") with FTD Companies, Inc. ("Tenant") for 52,940

rentable square feet located on the 13th floor of One North Dearborn Street, Chicago,

Illinois (the "Premises").

4.      Section 45 of the Lease expressly provides that other than with respect to certain exceptions that are not relevant here, "Tenant shall not assign, sublease, transfer or encumber any interest in this Lease or allow any third party to occupy any portion of the Premises . . . without the prior written consent of landlord, which consent shall not be unreasonably withheld, conditioned or delayed."

## LIMITED OBJECTION

5.      Section 13(a) of the Interim DIP Order provides that DIP Collateral includes liens on leaseholds.  The Landlord objects to this attempt by the Tenant and the DIP Secured Parties to encumber the Lease in direct violation thereof.   If the Debtors are agreeing to grant a lien on leasehold interests, any such lien must be limited to the proceeds arising from the disposition of the Lease and not the Lease itself.

6.      In this case, the Lease expressly prohibits the Tenant from encumbering the Lease as they are attempting to do here.  The Landlord does not consent to any leasehold mortgage proposed to be granted to the DIP Secured Parties.  The Landlord's opposition to a leasehold mortgage is not unreasonable under the circumstances and the uncertainties present in these chapter 11 cases.  Nor did Tenant ever request Landlord's prior written consent.

7.      The Court must deny the direct grant of liens on the Lease. The Lease restricts or prohibits such liens.  Lease provisions which restrict the ability to encumber a leasehold interest are both enforceable under applicable non-bankruptcy law and critical to the Landlord's ability to (i) control its interest in the Premises, (ii) preserve clear title, (iii) comply with its own financing and investment requirements and (iv) market its property effectively.  An enforceable lease provision under applicable state law remains enforceable in a bankruptcy case.  Indeed, section 365(d)(3) expressly mandates that the

3

Debtors comply with their post-petition lease obligations.  The DIP liens on leaseholds granted in the Interim DIP Order and proposed in the Final Order constitute post-petition defaults under the Lease.  In contrast, a lien on the proceeds arising from any subsequent disposition of the Lease would not violate the Lease while also providing the DIP Secured Parties with the economic protections they seek as lenders without trampling over the Landlords' statutory and contractual rights and protections.

8.       The burden to demonstrate that bankruptcy law overrides applicable state law falls on the Debtors. *See Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 25 (2000); *Butner v. United States*, 440 U.S. 48, 55 (1979).  The Debtors cite no authority to re-write the terms of the Lease – nor is there any.  The Uniform Commercial Code's provisions regarding assignment prohibitions apply only to personal property leases and contracts and not real property leases.  *See. e.g.*, UCC §§ 2A-103(j); 2A-501; 9-109; 9-407. Nothing in the Bankruptcy Code overrides state real estate law or the terms of the Lease in the financing context.  To the contrary, Bankruptcy Code section 365(d)(3) expressly mandates that the Debtors "shall timely perform all the obligations . . . under any unexpired lease of nonresidential real property, until such lease is assumed or rejected." 11 U.S.C. § 365(d)(3).  As such, the Debtors must continue to perform in accordance with the terms of Lease until they assume or reject it, and cannot pick and choose which terms to disregard or violate.  The Debtors and DIP Secured Parties cannot use the debtor in possession financing to excuse a direct violation of the Tenant's post-petition Lease obligations.

9.       Furthermore, a grant of liens on the Lease would provide a back-door means for the DIP Secured Parties to step into the shoes of the Debtors under the Lease upon a DIP default or assign the Lease to a third party as part of a foreclosure, and thus

circumvent the statutory requirements for assumption and assignment contained in Bankruptcy Code section 365.

10. The Bankruptcy Code is clear that in order for a debtor to assume and assign its interests in an unexpired non-residential property lease, it must cure defaults and demonstrate adequate assurance of the assignee's ability to perform under the lease on an ongoing basis. 11 U.S.C. §§ 365(b), (f). The sweeping remedies granted to the DIP Secured Parties upon the occurrence of a default under the Final Order would result in a *de facto* assignment of the Lease. The Debtors and DIP Secured Parties cannot circumvent Bankruptcy Code section 365 in the context of a financing motion.

## JOINDER IN OTHER OBJECTIONS

11. The Landlord hereby joins in any objections raised by the Debtors' other landlords, creditors or parties in interest to the extent not inconsistent herewith.

## RESERVATION OF RIGHTS

12. Nothing herein shall constitute a waiver of any rights or remedies of the Landlord under the Bankruptcy Code or applicable law, including without limitation, the right to supplement this Limited Objection or raise any other additional arguments at a later date.

## NOTICE OF DEFAULT

13. This Limited Objection constitutes notice of the occurrence of a post-petition breach under the Lease, which, if not cured within thirty (30) days after Tenant's receipt of this Limited Objection, will give rise to a Default under the Lease. The DIP Lien on leaseholds granted under Paragraph 13 of the Interim DIP Order (and to the extent granted under a Final Order) constitutes a violation and failure to observe by Tenant of its covenant and obligation in Section 45 of the Lease not to cause a Transfer

of the Lease without the prior written consent of Landlord.  Pursuant to Section 31 of the

Lease, if Tenant does not cure this breach of Section 45 of the Lease within thirty (30)

days after receipt of this notice, Tenant shall be in Default thereunder.  Landlord reserves

all of its rights and remedies under the Lease (including, without limitation, to terminate

the Rent Abatement Period thereunder), at law and in equity with respect to such breach

and Default.  A copy of this Limited Objection will be served on the Tenant notice parties

in accordance with the terms of the Lease.

### CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court (i) deny any

request by the Debtors to grant the DIP Secured Parties direct liens on the Lease; and (ii)

grant such other and further relief as this Court deems just and proper.

Dated:  June 27, 2019                    Respectfully Submitted,


*/s/ Karen C. Bifferato*
Karen C. Bifferato (No. 3279)
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19801
Telephone:  (302) 757-7300
Email: kbifferato@connollygallagher.com

-and-

Douglas B. Rosner, Esq.
Goulston & Storrs PC
400 Atlantic Avenue
Boston, Massachusetts 02110
Telephone:  (617) 482-1776
Email:  drosner@goulstonstorrs.com

*Counsel to the Landlord*