**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| FTD Companies, Inc., et al.,[1] | : | Case No. 19-11240 (LSS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | **Re: Docket Nos. 19, 60, 219, 284** |

**AMENDED AND RESTATED SUPPLEMENTAL**
**DECLARATION OF ALAN D. HOLTZ IN SUPPORT**
**OF DIP FINANCING AND CASH COLLATERAL MOTION**

I, Alan D. Holtz, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1. I am the appointed Chief Restructuring Officer of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"). In addition, I am a Managing Director of AlixPartners, LLP ("AlixPartners") and a Managing Director of AP Services, LLC ("APS"), which is an affiliate of AlixPartners.[2] I am authorized to make this

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FTD Companies, Inc. (5852); Bloom That, Inc. (9936); Florists' Transworld Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); FTD, Inc. (1271); FTD.CA, Inc. (7556); FTD.COM Inc. (4509); FTD Group, Inc. (9190); FTD Mobile, Inc. (7423); Giftco, LLC (5832); Provide Cards, Inc. (3462); Provide Commerce LLC (0019); and Provide Creations, Inc. (8964). The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2] On June 6, 2019, the Debtors filed the *Debtor's Application for an Order Authorizing them to (I) Employ and Retain AP Services, LLC and (II) Designate Alan D. Holtz as Chief Restructuring Officer and Scott M. Tandberg as Associate Restructuring Officer, Nunc Pro Tunc to the Petition Date* (D.I. 81) (the "APS Retention Application"). The APS Retention Application is scheduled to be considered at a hearing before the Court on July 2, 2019.

supplemental declaration (this "Amended Supplemental Holtz Declaration") on behalf of the Debtors.

2. I submit this Declaration in support of the *Debtors' Reply to the Objection of the Official Committee of Unsecured Creditors to the Motion of the Debtors to Obtain Postpetition Financing and Use Cash Collateral* (the "Reply").[3]

3. I previously submitted the *Declaration of Alan D. Holtz in Support of Certain First-Day Motions* (D.I. 4) (the "Original Holtz Declaration") in support of, among other motions, the DIP Motion. I hereby reaffirm the Original Holtz Declaration as it applies to the DIP Motion.

4. I also previously submitted the *Supplemental Declaration of Alan D. Holtz in Support of DIP Financing and Cash Collateral Motion* (D.I. 284-1) (the "Supplemental Holtz Declaration"). This Amended Supplemental Holtz Declaration amends and restates the Supplemental Holtz Declaration in its entirety.

5. Except as otherwise indicated, all statements set forth in this Supplemental Declaration are based on (a) my personal knowledge, (b) my review of relevant documents, (c) information provided to me by AlixPartners and/or APS employees working under my supervision, (d) information provided to me by, or discussions with, the Debtors' management team, employees or the Debtors' other advisors or (e) my opinion based upon my experience. If called to testify, I could and would testify to the facts and the opinions set forth herein.

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such term in the Reply.

**ADDITIONAL FACTS RELEVANT TO THE DIP MOTION**

6.      The $15.5 million Winddown Budget is expected to provide funding for all unpaid administrative expenses of the estates after the going concern sales of the Debtors, including amounts necessary to properly wind down the Debtors' estates.

7.      Part of AlixPartners' role in these Chapter 11 Cases is to monitor the amount outstanding, and actively liquidity, under the DIP Facility.  The Debtors' balance under the DIP Facility is approximately $14.8 million less than what was projected in the DIP Budget, as of the week ending June 28, 2019.

8.      An additional part of AlixPartners' role in these Chapter 11 Cases is to assist the Debtors in the preparation of their schedules of assets and liabilities.  While those schedules will be filed in the near future, AlixPartners employees working under my supervision have completed a preliminary review of the assets held by the following entities:

- Bloom That, Inc.:  This entity's only material asset appears to be a customer list of unknown, and likely *de minimis*, value.

- FlowerFarm, Inc.:  This entity appears to have no, or no material, assets at all.

- FSC Denver LLC:  This entity's only material asset appears to be a single operating real estate lease (as a tenant) that it is seeking to reject pursuant to the *Omnibus Motion of the Debtors for an Order (I) Authorizing the Debtors to (A) Reject Certain Unexpired Leases* Nunc Pro Tunc *to the Rejection Effective Date and (B) Abandon any Personal Property that Remains at the Facilities and (II) Granting Certain Related Relief* (D.I. 252) (the "Rejection Motion").

- FSC Phoenix LLC:  This entity's only material asset also appears to be a single operating real estate lease (as a tenant) that it also is seeking to reject pursuant to the Rejection Motion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2019

                                                  /s/ Alan D. Holtz
                                                  Alan D. Holtz
                                                  Chief Restructuring Officer
                                                  FTD Companies, Inc.