## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| FTD Companies, Inc., et al.,[1] | : | Case No. 19-11240 (LSS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | **Re: Docket No. 141** |

## ORDER ESTABLISHING PROCEDURES FOR
## THE SALE, TRANSFER OR ABANDONMENT OF MISCELLANEOUS
## AND *DE MINIMIS* ASSETS AND GRANTING CERTAIN RELATED RELIEF

This matter coming before the Court on the *Motion of the Debtors for an Order Establishing Procedures for the Sale, Transfer or Abandonment of Miscellaneous and De Minimis Assets and Granting Certain Related Relief* (the "Motion"),[2] the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue is proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances, (e) a sound business purpose exists to grant the relief requested herein and (f) there is good cause to waive the 14-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d);

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FTD Companies, Inc. (5852); Bloom That, Inc. (9936); Florists' Transworld Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); FTD, Inc. (1271); FTD.CA, Inc. (7556); FTD.COM Inc. (4509); FTD Group, Inc. (9190); FTD Mobile, Inc. (7423); Giftco, LLC (5832); Provide Cards, Inc. (3462); Provide Commerce LLC (0019); and Provide Creations, Inc. (8964). The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein;

## IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtors are authorized, subject to the terms of this Order and any

requisite consents required pursuant to the terms of the DIP Financing Agreement, but without

further Court approval, to:  (a) consummate Proposed Sales of Miscellaneous Assets outside of

the ordinary course of business when the purchase price for such a sale is no more than $625,000

for each transaction or in the aggregate for a related series of transactions; and (b) abandon

Miscellaneous Assets with a book value of less than $250,000.

3.      The Sale Notice Procedures, as set forth in the Motion, are approved, as

follows:

       a.      The Debtors shall give notice of each Proposed Sale (the "Sale Notice") to the following parties (collectively, the "Sale Notice Parties"):  (i) the U.S. Trustee; (ii) counsel to Bank of America, N.A., as administrative agent under the Prepetition Credit Agreement and the DIP Financing Agreement; (iii) counsel to the Creditors' Committee;  (iv) if applicable,  the non-debtor counterparties to all executory contracts or unexpired leases that the Debtors propose to assume, assume and assign, or reject in connection with such sale; (v) any other party known to hold or assert an Interest against the specific property to be sold; (vi) the proposed purchaser or transferee (the "Proposed Purchaser"); and (vii) any party that has expressed an interest in purchasing the relevant assets.

       b.      The Sale Notice shall be served on the Sale Notice Parties by e-mail, if possible, and by overnight mail.  The Sale Notice will specify: (i) the assets to be sold; (ii) the identity of the Proposed Purchaser (including a statement that the Proposed Purchaser is not an "insider" as defined in section 101(31) of the Bankruptcy Code); (iii) the major economic terms and conditions of the Proposed Sale, including the amount of cash consideration and the nature, value and, if applicable, method of valuation of any non-cash consideration, as well as any material terms specific to the

Proposed Sale; (iv) a copy of any documentation executed in contemplation of the transaction; and (v) an affidavit of the broker, if any, pursuant to Bankruptcy Rule 2014, that identifies the broker, the amount of any Commission, and that contains the disclosures required by Bankruptcy Rule 2014.

c.      In addition, any Sale Notice shall specify: (i) the identity of any party or parties holding or asserting Interests or potential Interests in the property; (ii) the executory contracts and unexpired leases, if any, that the applicable Debtor or Debtors propose to assume, assume and assign, or reject as part of the Proposed Sale; (iii) for any assumption or assumption and assignment of an executory contract or unexpired lease, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Claims"); (iv) if applicable, a statement regarding the adequate assurance of future performance by the Proposed Purchaser, consistent with section 365 of the Bankruptcy Code; and (v) the Objection Deadline. The Debtors shall file a copy of the Sale Notice with the Court.

d.      To the extent that a competing bid is received for the purchase of Miscellaneous Assets in a particular Proposed Sale after service of the Sale Notice that, in the Debtors' sole discretion in the exercise of their business judgment, materially exceeds the value of the consideration described in the Sale Notice, then the Debtors may file and serve an amended Sale Notice for the Proposed Sale to the subsequent bidder pursuant to the Sale Notice Procedures, even if the proposed purchase price exceeds the Sale Cap.

e.      If any significant economic terms of a Proposed Sale are amended after transmittal of the Sale Notice, but prior to the expiration of the Objection Deadline (as defined below), including as part of the resolution of any objections, the applicable Debtor or Debtors shall send a revised Sale Notice to all Sale Notice Parties describing the Proposed Sale, as amended. If a revised Sale Notice is required, the Objection Deadline shall be extended for an additional seven business days from the date of service of such revised Sale Notice.

4.      With respect to any Proposed Abandonment, the Debtors shall file with the Court and serve a notice (an "Abandonment Notice") by overnight mail or email on the Sale Notice Parties. The Abandonment Notice shall specify: (a) the Miscellaneous Assets to be abandoned; (b) a summary of the justifications for the abandonment; (c) the identities of any parties known to hold or assert liens or other interests in the relevant Miscellaneous Assets; (d) if

-3-

applicable, the identity of the entity to which the Miscellaneous Assets will be abandoned; (e) in connection with the abandonment of any interest in real property, a statement that neither any environmental condition related to such property nor the abandonment thereof presents any threat of an imminent and identifiable harm to public health and safety; and (f) the Objection Deadline.

5.       The Sale Notice Parties shall have until 5:00 p.m., prevailing Eastern Time, on the seventh business day following the service of a Sale Notice or Abandonment Notice (the "Objection Deadline") to object to (a) the Proposed Sale and the payment of any Commissions, (b) the Proposed Abandonment or (c) any related assumptions, assumptions and assignments, or rejections of executory contracts or unexpired leases.  Any such objection (an "Objection") must be:  (a) made in writing, stating with specificity the basis for objecting; and (b) filed with the Court and served on counsel to the Debtors and the other Sale Notice Parties by the Objection Deadline.

6.       If (a) no Objections are properly filed and served by a Sale Notice Party by the Objection Deadline and (b) the Debtors have obtained any requisite consent required pursuant to the DIP Financing Agreement in connection with the Proposed Sale or Proposed Abandonment, the Debtors shall be authorized, without further notice and without the need for a hearing, upon entry of an order of this Court submitted under certification of counsel in accordance with these procedures:  (a) consummate the Proposed Sale in accordance with the terms and conditions of the underlying contract or contracts and take such other actions as are necessary to close the transaction and collect the proceeds of such sale (including, without limitation, the payment of any Commissions, and the assumption, assumption and assignment, or rejection of any executory contracts and unexpired leases) or (b) proceed with the Proposed

Abandonment, including the rejection of any related executory contracts and unexpired leases. In addition, the applicable Debtor or Debtors may consummate a Proposed Sale or Proposed Abandonment prior to expiration of the applicable Objection Deadline if each Sale Notice Party consents in writing to the Proposed Sale or Proposed Abandonment.

7.      If a Sale Notice Party files and serves an Objection to a Proposed Sale or Proposed Abandonment by the Objection Deadline, and the Debtors and the objecting Sale Notice Party are unable to resolve the Objection consensually, the Debtors shall not consummate the proposed transaction without first obtaining Court approval of such Proposed Sale or Proposed Abandonment, including the payment of any Commissions, upon notice and a hearing; provided, however, that the Debtors may consummate any portion of the Proposed Sale (with the consent of the Proposed Purchaser) or Proposed Abandonment that is not a subject of the applicable Objection.  If the Debtors are unable to resolve an Objection on a consensual basis, the applicable Debtor or Debtors may schedule the Proposed Sale or the Proposed Abandonment and the Objection for hearing at the next available omnibus hearing date in these Chapter 11 Cases by giving at least seven business days' written notice of the hearing to any objecting party and any Proposed Purchaser(s).

8.      Any Objections may be resolved without a hearing by an order of the Court submitted on a consensual basis by the applicable Debtor or Debtors, any Proposed Purchaser and the objecting party (a "Consent Order"); provided, however, that if any significant economic terms of a Proposed Sale are modified by the Consent Order, the applicable Debtor or Debtors shall:  (a) prior to submission to the Court of the Consent Order, provide the Sale Notice Parties with seven business days' notice of the Consent Order and an opportunity to object to the terms thereof by transmitting a written statement of objection to the Debtors' counsel; and

RLF1 21477292v.1

(b) with the Consent Order, provide the Court with a written certification that (i) such prior notice was given and (ii) no Interested Party timely asserted an objection to the Consent Order.

9.      A Proposed Sale (including the assumption, assumption and assignment, or rejection of executory contracts and unexpired leases proposed in connection with such sale) or Proposed Abandonment shall be deemed final and fully authorized by the Court upon either (a) the expiration of the Objection Deadline without the assertion of any Objections by any Sale Notice Party or (b) the written consent of all Sale Notice Parties.

10.      Notwithstanding the Sale Notice Procedures set forth above, for (a) any transaction involving the sale or transfer of a Miscellaneous Asset for less than $150,000 in total consideration, as measured by the amount of cash and other consideration (such as assumption of liabilities) to be received by the Debtors on account of the Miscellaneous Assets to be sold or transferred in any one transaction or in any series of related transactions; or (b) the abandonment of any asset with a book value of less than $150,000 (any such disposition pursuant to (a) or (b), a "De Minimis Disposition"), the applicable Debtor or Debtors will be authorized, without following the Sale Notice Procedures and without further notice and further Court approval, to consummate the De Minimis Disposition and such De Minimis Disposition will be deemed fully authorized by the Court, provided that the Debtors have obtained any necessary consents required pursuant to the DIP Financing Agreement in connection with such De Minimis Disposition; provided, further, however, that the Debtors shall provide three business days' notice by email to counsel to the Creditors' Committee in the event that such a De Minimis Disposition is contemplated.  Although notice or hearing will not be required for the Debtors to consummate a De Minimis Disposition, the Debtors, at their discretion, (a) may use the Sale Notice Procedures for any such sale or abandonment and (b) shall use the Sale Notice Procedures

RLF1 21477292v.1

in connection with any De Minimis Disposition involving the assumption, assumption and assignment, or rejection of an executory contract or unexpired lease.

11.     Any sales of Miscellaneous Assets shall be free and clear of all liens, claims and encumbrances (collectively, "Interests"), with any such Interests attaching to the net sale proceeds with the same force, validity, priority, perfection and effect as such Interests had on the property immediately prior to the sale.  If a holder of an Interest receives a Sale Notice and does not object within the prescribed time period, such holder shall be deemed to have consented to the Proposed Sale.

12.     Upon the closing of a sale or transfer, the Debtors may assume, assume and assign, or reject any executory contract or unexpired lease and pay the Cure Claims. The non-debtor parties to any executory contracts or unexpired leases are hereby barred from asserting any further cure claims in respect of such executory contracts or unexpired leases after the objection period for a Proposed Sale has passed.

13.     With respect to executory contracts to be assumed, or assumed and assigned, as part of any transaction under the Sale Notice Procedures and this Order, any adequate assurance of future performance shall be provided, and any Cure Claims paid, consistent with section 365 of the Bankruptcy Code.  To the extent that any Cure Claims are payable in connection with a transaction under the Sale Notice Procedures, such Cure Amounts shall (a) not count against the Sale Cap to the extent paid by the purchaser of assets and (b) to the extent paid by the Debtors, be deducted from the total consideration received by the Debtors to be applied against the Sale Cap.

14.     The Debtors are authorized to pay, without further Court approval, Commissions for brokers and auctioneers utilized in connection with any sales of Miscellaneous Assets upon satisfaction of the disclosure requirements provided herein.

15.     The Debtors shall provide, to the extent practicable, a written report or reports, within 20 days after the end of each calendar month concerning any such sales, transfers or abandonments made pursuant to the terms of this Order (including the names of the purchasing parties and the types and amounts of the sales or abandonments) to the U.S. Trustee and counsel to the Creditors' Committee; provided, however, that no such report need be provided for any month where there are no such sales, transfers or abandonments.

16.     The 14-day stay imposed by Bankruptcy Rules 6004(h) and 6006(d) is hereby waived with respect to each Proposed Sale conducted in accordance with this Order, and the Debtors may close Proposed Sales as set forth herein without reference to such stay.

17.     Nothing in the foregoing Sale Notice Procedures shall prevent the Debtors, in their sole discretion, from seeking Court approval of any Proposed Sale upon notice and a hearing or, if necessary to comply with a condition on a sale or transfer imposed by a purchaser, to submit a separate order to the Court under certification of counsel to be entered without need for a hearing on the matter.

18.     Sales of Miscellaneous Assets in accordance with the Sale Notice Procedures shall be deemed to be arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

19.     All purchasers or transferees shall take Miscellaneous Assets sold by the Debtors pursuant to the authority granted in this Order "as is" and "where is" without any

representations or warranties from the Debtors as to quality or fitness for either their intended purposes or any particular purposes.

20.    The Debtors and their respective officers, employees and agents are authorized to perform all obligations, take whatever actions may be necessary or appropriate and issue, execute and deliver whatever documents may be necessary or appropriate to implement and effectuate any disposition of Miscellaneous Assets.

21.    Each and every federal, state and local government agency or department is hereby authorized to accept any and all documents and instruments necessary or appropriate to consummate the disposition of Miscellaneous Assets.  The register or recorder of deeds (or other similar recording agency) is hereby authorized to accept and include a certified copy of this Order along with any other appropriate conveyance documents used to record and index the transfer of any Miscellaneous Assets in the appropriate public records.

22.    Any net proceeds obtained by the Debtors from any sales of Miscellaneous Assets shall be applied as required by the DIP Financing Agreement, the Interim DIP Order, any Final DIP Order or any other order entered by the Court, provided, however, that payment of any sale proceeds to the DIP Lenders shall be subject to the rights of the Creditors' Committee to challenge the DIP Lenders' liens on the Miscellaneous Assets sold in accordance with paragraph 19 of the Interim DIP Order, any Final DIP Order, or any other such order entered by the Court.  Nothing contained herein shall be deemed a waiver by the Debtors' postpetition debtor-in-possession lenders of any required approval or disapproval of any sale or abandonment, whether pursuant to this Order or otherwise.

23.    Except as set forth in paragraph 6 herein, no further orders of this Court are necessary to effectuate the terms set forth herein for the transactions contemplated herein.

24.     The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Dated: July 2nd, 2019**
**Wilmington, Delaware**

-10-

RLF1 21477292v.1