**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FTD Companies, Inc., et al.,[1] | : | Case No. 19-11240 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 185** |

**ORDER (I) AUTHORIZING THE DEBTORS TO PROVIDE BIDDING
PROTECTIONS IN ACCORDANCE WITH THE BIDDING PROCEDURES AND THE
GATEWAY STALKING HORSE AGREEMENT AND (II) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Provide Bidding Protections in Accordance with the Bidding Procedures and the Gateway Stalking Horse Agreement and (II) Granting Related Relief* [Docket No. 185] (the "Motion") filed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases; and that certain *Amended and Restated Asset Purchase Agreement*, dated as of June 19, 2019, by and among Gateway Mercury Holdings, LLC ("Gateway"), as purchaser, and FTD, Inc., Florists Transworld Delivery, Inc., FTD.COM Inc., FTD.CA, Inc., Provide Commerce LLC, FlowerFarm, Inc. and Bloom That, Inc., as sellers (as may be hereafter amended, supplemented or otherwise modified, the "Gateway Stalking Horse Agreement" and, the sale transactions contemplated thereby, the "Gateway Sale"),[2] substantially in the form attached to the Motion as Exhibit B, having been executed by the parties thereto; and

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FTD Companies, Inc. (5852); Bloom That, Inc. (9936); Florists' Transworld Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); FTD, Inc. (1271); FTD.CA, Inc. (7556); FTD.COM Inc. (4509); FTD Group, Inc. (9190); FTD Mobile, Inc. (7423); Giftco, LLC (5832); Provide Cards, Inc. (3462); Provide Commerce LLC (0019); and Provide Creations, Inc. (8964). The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion or in the Gateway Stalking Horse Agreement, as applicable.

RLF1 21499679v.1

the Court having reviewed the Motion, the Gateway Stalking Horse Agreement, the *Declaration of Scott D. Levin in Support of First-Day Pleadings* [Docket No. 3], the *Declaration of Steve Bloom in Support of the Gateway Stalking Horse Motion* [Docket No. 197] and the *Declaration of Alan D. Holtz in Support of the (I) Gateway Stalking Horse Motion, (II) Farids Stalking Horse Motion and (III) PlanetArt Stalking Horse Motion* Docket No. 189], and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing (if any) before the Court (the "Hearing"); and after due deliberation, this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and their creditors, and the Debtors having demonstrated good, sufficient and sound business justifications for the relief granted herein;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

      A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

      B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

      C.    Notice of the Motion and the Hearing was sufficient under the circumstances and no other or further notice need be provided.

      D.    Gateway has submitted a bid for the Purchased Assets (as defined in the Gateway Stalking Horse Agreement), as reflected in the Gateway Stalking Horse Agreement (the "Gateway Stalking Horse Bid").

      E.    For all purposes under this Order, the Bidding Procedures Order and the Bidding Procedures, (i) Gateway is a "Stalking Horse Bidder;" (ii) the Gateway Stalking Horse

Agreement is a "Stalking Horse Agreement;" and the (iii) Gateway Stalking Horse Bid is a "Stalking Horse Bid," in each case, as such terms are used in the Bidding Procedures. The Gateway Stalking Horse Bid shall be subject to higher or better offers in respect of the Purchased Assets, in accordance with the Bidding Procedures.

F.  The Debtors have articulated good and sufficient business reasons for the Court to approve the Debtors' provision of Bidding Protections, including the Break-Up Fee and Expense Reimbursement Amount (each as defined in the Gateway Stalking Horse Agreement and, together, the "<u>Termination Payment</u>"), pursuant to the terms of the Bidding Procedures and the Gateway Stalking Horse Agreement.

G.  The Gateway Stalking Horse Agreement and the Bidding Protections, including the Termination Payment, were negotiated in good faith and at arms'-length, and are fair, appropriate and reasonably designed to promote participation in and active bidding at the Auction to ensure that the highest or otherwise best value is generated for the Purchased Assets.

H.  The Termination Payment is necessary to ensure that Gateway will continue to pursue the Gateway Sale. To the extent payable under the Gateway Stalking Horse Agreement, the Termination Payment is (i) an actual and necessary cost and expense of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) commensurate with the real and substantial benefits conferred upon the Debtors' estates by the Gateway Stalking Horse Bid; and (iii) fair, reasonable and appropriate in light of the size and nature of the proposed Gateway Sale and the efforts that have been and will be expended by Gateway in connection with the Debtors' sale process.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  All objections to the relief granted in this Order that have not been

withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits with prejudice.

3. The Gateway Stalking Horse Bid shall be subject to higher or better Qualified Bids, in accordance with the terms of the Bidding Procedures.

4. The Bidding Protections are approved in their entirety, including the Termination Payment. The Debtors are authorized to provide Gateway with Bidding Protections in accordance with the terms of the Bidding Procedures and the Gateway Stalking Horse Agreement. If the Expense Reimbursement Amount has not been paid in accordance with the terms of the Gateway Stalking Horse Agreement at the time of payment of the Break-Up Fee, it shall be paid at the time of the Break-Up Fee.

5. The Approved Budget (as defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling Final Hearing, and (IV) Granting Related Relief*) shall include amounts necessary to satisfy the Termination Payment. The obligations of the Sellers (if any) to pay the Expense Reimbursement and Break-Up Fee (a) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (b) shall not be subordinate to any other administrative expense claim against the Sellers; and (c) shall survive the termination of the Gateway Stalking Horse Agreement in accordance with Section 4.6 thereof.

6. Notwithstanding the applicability of any of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or any other provision of the Bankruptcy Rules or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware stating to the contrary, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of the

effectiveness and enforceability of this Order is hereby waived.

7. The Debtors are authorized to perform any obligations under the Gateway Stalking Horse Agreement that are intended to be performed prior to the entry of the Approval Order (as defined in the Gateway Stalking Horse Agreement).

8. The Debtors are authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

9. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

**Dated: July 2nd, 2019**
**Wilmington, Delaware**

*[signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**