IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FTD Companies, Inc., *et al.*[1], | § | Chapter 11 |
| | § | |
| Debtors. | § | Case No. 19-11240 (LSS) |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | **Objection Deadline:** |
| | § | **August 6, 2019 at 4:00 p.m. (ET)** |
| | § | **Hearing Date:** |
| | § | **August 9, 2019 at 10:00 a.m. (ET)** |
| | § | **Related to Docket No. 82, 201, 499** |

# LIMITED OBJECTION OF THE EASYSAVER CLASS REPRESENTATIVES TO PROPOSED ASSET SALES

By and through their undersigned counsel, the Class Representatives (the "**EasySaver Class Representatives**"), on behalf of themselves and all other similarly situated members of the certified settlement class in the *In re EasySaver Rewards Litigation,*[2] file this Limited Objection (the "**Objection**") to the proposed asset sales set forth in Docket Nos. 82, 201 and 499. In support of this Objection, the EasySaver Class Representatives respectfully state as follows:

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FTD Companies, Inc. (5852); Bloom That, Inc. (9936); Florists' Transworld Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); FTD, Inc. (1271); FTD.CA, Inc. (7556); FTD.COM Inc. (4509); FTD Group, Inc. (9190); FTD Mobile, Inc. (7423); Giftco, LLC (5832); Provide Cards, Inc. (3462); Provide Commerce LLC (0019); and Provide Creations, Inc. (8964). The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2] Case No. 3:09-cv-02094-BAS-WVG in the U.S. District Court for the Southern District of California. The EasySaver Class Representatives are Josue Romero, Deanna Hunt, Kimberly Kenyon, Gina Bailey, Alissa Herbst, Grant Jenkins, Bradley Berentson, Jennifer Lawler, Daniel Cox, Jonathan Walter and Christopher Dickey.

## BACKGROUND

**A.    The Class Action Settlement**

1.     On August 19, 2009, plaintiff Josue Romero commenced a civil action in the Superior Court of the County of San Diego entitled *Josue Romero v. Provide Commerce, Inc., Regent Group, Inc. dba Encore Marketing International, et al.,* Case No. 37-2009-00096492-CU-BT-CTL. On September 25, 2009, the case was removed to the United States District Court for the Southern District of California, which assigned it Case No. 09-CV-02111.

2.     On September 24, 2009, then-plaintiff Bobbi Sledge initiated the action entitled *Sledge v. Provide Commerce, Inc.*, Case No. 09-CV-2094 in the United States District Court for the Southern District of California.

3.     On November 13, 2009, the United States District Court for the Southern District of California consolidated the *Sledge* and *Romero* cases under Case No. 09-CV-2094 with the new title *In re EasySaver Rewards Litigation* (the "**Class Action**").

4.     On June 13, 2012, the EasySaver Class Representatives and defendants Provide Commerce, Inc., and Regent Group, Inc., dba Encore Marketing International, Inc. (collectively, the "**Defendants**") entered into a settlement agreement (the "**Settlement Agreement**"). The settlement established a $12.5 million fund (the "**Settlement Amount**") from which Defendants would pay up to $8.7 million in attorney's fees; $80,000 in enhancement awards to the EasySaver Class Representatives; $200,000 in litigation costs; and the remaining $3.5 million would fund the settlement's administration costs and reimburse class members for their membership fees. Any remaining funds were to be distributed as a *cy pres* award to San Diego State University, the University of California at San Diego, and the University of San Diego School of Law. Additionally, the settlement directed Defendants to give every class member a

$20 credit that could be used to purchase items on Defendants' websites. Attached hereto as **Exhibit A** is a copy of the Settlement Agreement.

5. The District Court preliminarily approved the Settlement Agreement, notice was given to the putative class members, and the District Court held a final settlement approval hearing in January 2013 and issued a final order approving the Settlement Agreement in February 2013. That final approval order was appealed to the Ninth Circuit, which in March 2015 vacated and remanded for further proceedings in the District Court because of certain Class Action Fairness Act ("**CAFA**") issues that the Ninth Circuit concluded should be considered in calculating the value of the settlement and valuation of attorney's fees. On that remand, the District Court addressed the CAFA issues and in August 2016 issued an order reinstating its prior approval of the settlement and the $8.7 million attorney's fee award. That August 2016 order of the District Court was appealed again to the Ninth Circuit to challenge the attorney's fee and *cy pres* award. On November 29, 2018, the Ninth Circuit vacated and remanded the portion of the settlement relating to the award of attorney's fees finding that the District Court erroneously incorporated the full face value of the $20 coupons when calculating the propriety of the amount of the fee award. The Ninth Circuit ruled that on remand, the District Court should recalculate the award using the lodestar method permitted under CAFA.

6. The Ninth Circuit otherwise affirmed the District Court's approval of the Settlement Agreement, including the *cy pres* award. With respect to the *cy pres* award, on February 13, 2019, an objector filed a Petition for Writ of Certiorari challenging the *cy pres*. On June 24, 2019, the Supreme Court of the United Stated denied the Petition for Writ of Certiorari.

7. Therefore, after this lengthy appellate history, the Settlement Agreement has been thoroughly vetted by the federal courts and is in all ways approved subject to the District Court's

calculation of the attorney's fee award in a manner consistent with the November 2018 ruling of the Ninth Circuit.

**B.    The Debtors' Insurance Coverage**

8.    On July 21, 2010, Hartford Fire Insurance Company, Hartford Casualty Insurance Company, and Hartford Insurance Company of the Midwest (collectively, "**Hartford**") initiated an action entitled *Hartford Fire Insurance Company, et al., v. Regent Group Inc., et al.*, Civil Action No. 10-620-RGA, seeking declaratory judgment concerning the rights and obligations of the parties under certain insurance policies issued by Hartford to Defendants, relating to the *EasySaver* Class Action. The parties came to a settlement agreement on April 24, 2012, and on May 31, 2012, an order was entered to administratively close the case. On information and belief, the parties agreed that $10 million of the $12.5 million Settlement Amount is to be paid by Hartford. As of the date of this Objection, Hartford has not paid any portion of the Settlement Amount.

**OBJECTION**

9.    On June 3, 2019 (the "**Petition Date**") Defendant Provide Commerce LLC,[3] FTD Companies, Inc., and 13 other entities (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the United States Code. On June 4, 2019, the Bankruptcy Court ordered the chapter 11 cases to be jointly administered under Case No. 19-11240. As a consequence, proceedings in the EasySaver litigation in the District Court were stayed, and the calculation of attorneys' fees that the Ninth Circuit asked the District Court to address has not yet occurred.  As of the Petition Date, the EasySaver Class Representatives had a binding settlement agreement with the Debtor, Provide Commerce. Further, pursuant to the terms of the Settlement

---

[3] Provide Commerce, LLC did business as "Provide Commerce, Inc.", the entity named in the Settlement Agreement. *See* Docket No. 1 in Case No. 19-11252.

Agreement, the Settlement Amount of $12.5 million is yet to be paid to establish a fund that will be used to pay all fees and costs provided for under the Settlement Agreement.

10. On June 19, 2019, the EasySaver Class Representatives filed a limited objection [Docket. No. 152] to the *Motion of the Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Enter Into One or More Stalking Horse Agreements and to Provide Bidding Protections Thereunder, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 82] (the "**Motion**"),[4] seeking verification that the bidding procedures and sale would not include the insurance policies of the debtors or the proceeds of those policies that have been committed to the Settlement Agreement. In response to the limited objection, the Court said that any potential purchaser is now on notice that these insurance proceeds could be dedicated to the Class Action and that the EasySaver Class Representatives should be given notice if the related polices were to be included in any sale. No such notice has been received by the EasySaver Class Representatives or the undersigned counsel.

11. On July 31, 2019, the Debtors held an auction for the FTD Assets and the Restructured ProFlowers Business.[5] At the auction, the Debtors selected Gateway Mercury Holdings, LLC as the successful Bidder for the FTD Assets and the Restructured ProFlowers

---

[4] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[5] The Restructured ProFlowers Business is operated by debtor Provide Commerce, Inc.

Business and selected Vine Holding Corporation as the Backup Bidder for the FTD Assets and the Restructured ProFlowers Business.

12. In response to the EasySaver Class Representatives' prior objection to the bidding procedures, the Debtors have confirmed that the insurance policies at issue (the "**Policies**") are not being transferred as part of the sale. The terms of the Second Amended and Restated Asset Purchase Agreement (the "**Purchase Agreement**") confirm as much. In this limited objection, however, the EasySaver Class Representatives seek verification that any claims or causes of action against the insurers by the Debtors (or potentially the EasySaver Class Representatives) with respect to those Policies are not being transferred as part of the sale. As discussed above, the Class Action has a claim against the Debtors' insurance policies, and any sale of the Debtors' rights against those policies may affect the Settlement Agreement.

13. The Purchase Agreement, section 2.2(f), defines "Excluded Assets" as "all insurance policies of any Seller or any of their Subsidiaries to the extent such applicable claims and/or proceeds thereunder relate to any Retained Business, Excluded Liability or Excluded Asset." Under section 2.4(b), "Excluded Liabilities" include "all Liabilities to the extent arising out of, relating to or in connection with any Legal Proceeding, including any pending or threatened legal Proceeding against any Seller or relating to the Acquired Business." The EasySaver Class Representatives' interpretation of the Purchase Agreement is that because the Policies are Excluded Assets, all claims or causes of action against Hartford or any other insurers related to the Class Action or Policies are also Excluded Assets and are not included in the sale. However, because of the complex (and potentially changing) language of the Purchase Agreement, the EasySaver Class Representatives seek verification that their interpretation is correct and, if not correct, an opportunity for their objection to be heard and ruled on.

Accordingly, the EasySaver Class Representatives object to the proposed sale unless it is made clear that the sale does not include or transfer any claims or causes of action against the Debtors' insurers, including Hartford, that could relate to the Class Action or the Policies.

14. In accordance with Local Rule 9013-1(h) the EasySaver Class Representatives consent to the entry of final orders or judgments on this matter by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## CONCLUSION

WHEREFORE, the EasySaver Class Representatives respectfully request that the Court (a) confirm that the proposed sale does not include or transfer any claims or causes of action against the Debtors' insurers, including Hartford, that could relate to the Class Action or the Policies, and (b) grant the EasySaver Class Representatives such other and further relief as the Court deems just and appropriate.

Dated: August 6, 2019

Respectfully Submitted

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

/s/ Travis G. Buchanan
Sharon M. Zieg (No. 4196)
Travis G. Buchanan (No. 5595)
Rodney Square
1000 North King Street
Wilmington, DE 19801
P: 302-571-6655
F: 302-576-3350

AND

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A PROFESSIONAL CORPORATION**

Sander L. Esserman
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 969-4900
Facsimile: (214) 969-4999

**ATTORNEYS FOR THE EASYSAVER CLASS REPRESENTATIVES IN THE** *IN RE EASYSAVER REWARDS LITIGATION*