**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FTD Companies, Inc., et al.,[1] | : | Case No. 19-11240 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**ORDER (I) APPROVING DEBTORS'
ASSUMPTION OF, AND ASSIGNMENT TO
PURCHASER OF FTD AND RESTRUCTURED PROFLOWERS ASSETS,
CERTAIN EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Debtors' Motion for an Order (I) Approving Debtors' Assumption of, and Assignment to Purchaser of FTD and Restructured ProFlowers Assets, Certain Executory Contracts and (II) Granting Related Relief* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing (if any) before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C.

---

[1] The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FTD Companies, Inc. (5852); Bloom That, Inc. (9936); Florists' Transworld Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); FTD, Inc. (1271); FTD.CA, Inc. (7556); FTD.COM Inc. (4509); FTD Group, Inc. (9190); FTD Mobile, Inc. (7423); Giftco, LLC (5832); Provide Cards, Inc. (3462); Provide Commerce LLC (0019); and Provide Creations, Inc. (8964). The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

§§ 1408 and 1409, (iv) notice of the Motion and any Hearing was sufficient under the circumstances, (v) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6006(d) to the extent it is applicable, and (vi) any anti-assignment provision included in any Additional Contract, whether such provision expressly prohibits, or has the effect of restricting or limiting assignment of an Additional Contract, is unenforceable and prohibited pursuant to section 365(f) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as forth herein.

2. The Debtors are authorized to assume and assign the Additional Contracts to Gateway.

3. The Cure Amounts set forth on <u>Exhibit B</u> to the Motion are deemed the necessary amounts to "cure" all "defaults" under section 365(b) of the Bankruptcy Code.

4. To the extent required by section 365 of the Bankruptcy Code, the Debtors have provided adequate assurance of future performance of the Additional Contracts, and no further showing of adequate assurance of future performance is necessary.

5. This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6006(d) is hereby waived.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2019    _____
      Wilmington, Delaware      THE HONORABLE LAURIE SELBER SILVERSTEIN
                                        UNITED STATES BANKRUPTCY JUDGE