**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GUE Liquidation Companies, Inc., et al.,[1] | : | Case No. 19-11240 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 716** |

**ORDER (I) APPROVING DISCLOSURE STATEMENT,**
**(II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE**
**THEREOF, (III) ESTABLISHING PROCEDURES FOR SOLICITATION**
**AND TABULATION OF VOTES TO ACCEPT OR REJECT CHAPTER 11**
**PLAN OF LIQUIDATION, (IV) SCHEDULING HEARING ON CONFIRMATION**
**OF CHAPTER 11 PLAN OF LIQUIDATION, AND (V) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Debtors' Motion for Entry of an*

*Order (I) Approving Disclosure Statement, (II) Approving Form and Manner of Service of Notice*

*Thereof, (III) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or*

*Reject Chapter 11 Plan of Liquidation, (IV) Scheduling Hearing on Confirmation of Chapter 11*

*Plan of Liquidation, and (V) Granting Related Relief* (the "Motion"),[2] filed by the

above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court

having reviewed the Motion and having considered the statements of counsel with respect to the

Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court

---

[1]    The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  GUE Liquidation Companies, Inc. (5852); Bloom That, Inc. (9936); GUE Liquidation Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); GUE Liquidation, Inc. (1271); GUE Liquidation.CA, Inc. (7556); GUE Liquidation.COM Inc. (4509); GUE Liquidation Group, Inc. (9190); GUE Liquidation Mobile, Inc. (7423); GUE Liquidation Giftco, LLC (5832); Provide Cards, Inc. (3462); GUE Liquidation Commerce LLC (0019); and GUE Liquidation Creations, Inc. (8964).  The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

[2]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference from the United States District Court for the District of Delaware,

dated as of February 29, 2012, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b),

(iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) the

Disclosure Statement, as filed with the Court on September 18, 2019 and as it may have been

amended thereafter, contains adequate information within the meaning of section 1125 of the

Bankruptcy Code, (v) the Solicitation Procedures and Confirmation Procedures provide a fair

and equitable process and are consistent with section 1126 of the Bankruptcy Code and the

applicable Bankruptcy Rules and Local Rules, including, without limitation, Bankruptcy

Rules 2002, 3017, 3018 and 3020 and Local Rules 2002-1 and 3017-1, and (vi) notice of the

Motion and the Hearing was sufficient under the circumstances; the Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

**A.      Approval of the Disclosure Statement**

2.      The Disclosure Statement is approved as containing adequate information

within the meaning of section 1125 of the Bankruptcy Code.  The Debtors (a) are authorized to

make non-material revisions, updates, and corrections to the Disclosure Statement and the Plan;

and (b) shall file a copy of the final Disclosure Statement and any amended Plan with the Court

and on the Document Website.

3.      The Disclosure Statement (including all applicable exhibits thereto)

provides Holders of Claims or Interests and other parties in interest with sufficient notice of the

injunction, exculpation, and release provisions contained in Section VII.F of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**B.      Approval of the Disclosure Statement Notice**

4.      The Disclosure Statement Notice, attached to the Motion as <u>Exhibit B</u> and incorporated herein by reference, which was (a) filed by the Debtors and served upon parties in interest in these Cases and (b) published online at <u>https://omnimgt.com/FTD</u>, each no later than 28 days prior to the deadline by which parties in interest were required to file objections to the Disclosure Statement, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**C.      Approval of the Solicitation Procedures, Ballots,
Notice of Non-Voting Status, and the Tabulation Rules**

5.      The following are APPROVED:  (a) the Solicitation Procedures, including the Solicitation Packages; (b) the form of Ballots attached hereto as <u>Exhibit 1</u>; (c) the form and manner of service of the Notices of Non-Voting Status, attached hereto as <u>Exhibit 2-A</u> and <u>Exhibit 2-B</u>; and (d) the Tabulation Rules, attached hereto as <u>Exhibit 3</u>.

6.      The Debtors are authorized to make non-substantive modifications to the Solicitation Packages (including the Ballots), the Confirmation Hearing Notice, the Notice of Non-Voting Status, the Solicitation Procedures, and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation

-3-

Package, the Confirmation Hearing Notice, the Notice of Non-Voting Status, and/or related

documents prior to distribution of such materials.

      7.    The following table summarizes the dates and deadlines established

herein:

| Deadline | Date[3] |
|---|---|
| Voting Record Date | October 23, 2019 |
| Solicitation Mailing Deadline | November 4, 2019 |
| Date of Publication of Confirmation Hearing Notice | On or before the Solicitation Mailing Deadline |
| Deadline for Debtors to Object to Claims for Voting Purposes | November 12, 2019 at 4:00 p.m. |
| Deadline to File Bankruptcy Rule 3018(a) Motion | November 22, 2019 at 4:00 p.m. |
| Deadline to File Plan Supplement | November 22, 2019 at 4:00 p.m. |
| Plan Objection Deadline | December 2, 2019 at 4:00 p.m. |
| Voting Deadline | December 2, 2019 at 5:00 p.m. |
| Deadline to File Tabulation Declaration | December 13, 2019 at 4:00 p.m. |
| Deadline for Debtors to File Consolidated Brief and Reply in Support of Plan Confirmation | December 13, 2019  at 4:00 p.m. |
| Confirmation Hearing | December 18, 2019 at 10:00 a.m. |

      8.    The Voting Record Date is established as October 23, 2019.  With respect

to any transferred Claims, the transferee will be entitled to receive a Solicitation Package and

cast a Ballot on account of such transferred Claim only if all actions necessary to effectuate the

---

[3]    All times in this table are prevailing Eastern time.

RLF1 22219301v.4

transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed prior to the

Voting Record Date.

9.      The Debtors shall begin serving the Solicitation Packages promptly upon

entry of this Order and shall complete such service by no later than November 4, 2019

(the "Solicitation Mailing Deadline").

10.     The Debtors are authorized to distribute the Plan, the Disclosure

Statement, and the Disclosure Statement Order to Holders of Claims entitled to vote on the Plan

in an electronic format (including a CD-ROM and/or flash drive).  The Ballots, Confirmation

Hearing Notice, and Notice of Non-Voting Status shall be provided in paper format.  Any party

that receives the Plan, the Disclosure Statement, and the Disclosure Statement Order in

electronic format, but would prefer paper format may contact the Voting Agent and request

paper copies of the materials previously received in electronic format (which shall be provided at

the Debtors' expense).

11.     The Debtors are required to serve only a Notice of Non-Voting Status to

holders of Claims and Interests in Classes 1, 3, and 5.

12.     For Claims that are identified in the Schedules in the amount of $0.00 or

in an unknown amount, or that are scheduled as contingent, unliquidated, or disputed and with

respect to which the Holder did not timely file a proof of claim (other than parties to executory

contracts or unexpired leases), such Holders shall receive only the Confirmation Hearing Notice.

13.     Solicitation Packages, Notices of Non-Voting Status, and Confirmation

Hearing Notices, as applicable, will be mailed to known Holders of Claims and Interests at the

following addresses:  (a) for persons or entities that have filed proofs of claim, at the address

provided for on the face of the filed proof of claim; (b) for persons or entities listed on the

Schedules (and who have not filed a proof of claim), at the most current address contained in the

Debtors' books and records; and (c) for a claim transferee, at the address set forth in a valid

notice of transfer or the address provided in the requests for notice filed in accordance with

Bankruptcy Rule 2002.

14.    The Debtors are excused from mailing Solicitation Packages, Notices of

Non-Voting Status, or Confirmation Hearing Notices, as applicable, to those entities for which

the Debtors have only undeliverable addresses, unless the Debtors are provided with accurate

addresses for such entities, in writing, on or before seven days before the Voting Deadline.  If a

Solicitation Package, Notice of Non-Voting Status, or Confirmation Hearing Notice is returned

as undeliverable at least seven business days before the Voting Deadline, the Voting Agent shall

resend such mailing only once, *provided* that the United States Post Office has included a

forwarding address.  To the extent that any notices sent by the Debtors or their agents to date in

connection with the Chapter 11 Cases have been returned as undeliverable, the Debtors and their

agents are not required to send the Solicitation Package, the Notice of Non-Voting Status, or

the Confirmation Hearing Notice, as applicable, to such parties.

15.    All Ballots must be properly executed, completed, and delivered to the

Voting Agent (either by first class mail, overnight delivery, hand courier, or electronic

submission via the Voting Portal), so that, in each case, all Ballots are received by the Voting

Agent by no later than **December 2, 2019 at 5:00 p.m. (prevailing Eastern time)** (the "<u>Voting</u>

<u>Deadline</u>").  All encrypted ballot data and audit trail created by electronic submission shall

become part of the record of any Ballot submitted through the Voting Portal and the creditor's

electronic signature shall be deemed to be immediately legally valid and effective.

16.     In tabulating the Ballots, in addition to the Tabulation Rules set forth in
<u>Exhibit 3</u> hereto, the following additional Tabulation Rules shall apply:  (a) any Ballot that is
properly completed, executed, and timely returned to the Voting Agent but does not indicate an
acceptance or rejection of the Plan or indicates both an acceptance or rejection of the Plan will
not be counted as either a vote to accept or a vote to reject the Plan; (b) any Ballot that is
unsigned will not be counted as either a vote to accept or a vote to reject the Plan, provided that a
Ballot validly submitted through the Voting Portal will be deemed to include an original
signature; (c) any Ballot cast by a party that is not entitled to vote will not be counted as either a
vote to accept or a vote to reject the Plan; (d) if a creditor casts more than one Ballot voting the
same claim before the Voting Deadline, the last valid Ballot received before the Voting Deadline
will be deemed to reflect the voter's intent and thus will supersede any prior Ballots; (e) creditors
will be required to vote all of their claims within a particular class under the Plan either to accept
or reject the Plan and may not split their votes (<u>i.e.</u>, a Ballot or a group of Ballots within a Plan
class received from a single creditor that partially rejects and partially accepts the Plan will not
be counted); and (f) Ballots received after the Voting Deadline will not be counted; *provided* that
the Debtors, in their discretion and in consultation with the Creditors' Committee, may agree to
extend the Voting Deadline for one or more creditors.

17.     Unless otherwise Allowed pursuant to a prior order of the Court or
pursuant to the Plan, the Debtors shall be permitted to object to the allowed amount of any Claim
solely for calculating the amount of the Claim for voting purposes, and all of the Debtors' rights
to further object to the Claim on any and all grounds are expressly reserved.

18.     If a Claim has been estimated or otherwise allowed for voting purposes by
order of this Court, or by an agreement between the Debtors and the creditor (an "<u>Estimation</u>

Agreement"), such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed.  The procedures that apply to Estimation Agreements in paragraph 5 of the Tabulation Rules are APPROVED.

19.     If the Debtors have filed and served an objection to a Claim, such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the objection subject to the right of the Holder set forth in Bankruptcy Rule 3018(a).  If an objection does not identify the proposed amount of the relevant Claim (e.g., if the Claim remains subject to estimation or liquidation), then such Claim will be temporarily allowed in the amount of $1.00.

20.     The Debtors have until 4:00 p.m. (prevailing Eastern time) on November 12, 2019 to object to any Claims for voting purposes.  Any claimant that seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Rules is required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on counsel to the Debtors so that it is received by **4:00 p.m. (prevailing Eastern time) on November 22, 2019**.  Any Ballot submitted by a claimant that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and the other applicable provisions contained in the Motion and this Order, unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount and/or classification, after a notice and a hearing.  Any Rule 3018 Motion, if necessary, will be heard at the Confirmation Hearing.

RLF1 22219301v.4

D.    **Approval of the Confirmation Procedures**

21.    The Confirmation Procedures, including the Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit C, and the form and manner of service and publication of the Confirmation Hearing Notice, are approved.

22.    The Confirmation Hearing is scheduled to be held before this Court on **December 18, 2019 at 10:00 a.m. (prevailing Eastern time)**; provided, however, that the Confirmation Hearing may be continued from time to time without further notice other than an adjournment announced in open court or a notice of adjournment filed with the Court and served on the entities who have filed objections to the Plan, without further notice to other parties in interest.

23.    The Debtors shall cause to be served, on or before the Solicitation Mailing Deadline, the Confirmation Hearing Notice on all Holders of Claims entitled to vote on the Plan and one time in the national edition of either *The Wall Street Journal* or *USA Today*.  In addition, the Debtors shall post the Confirmation Hearing Notice on the Document Website.

24.    The Debtors shall file the Plan Supplement by no later than **November 22, 2019 at 4:00 p.m. (prevailing Eastern time)**.

25.    Objections to Confirmation of the Plan must:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the name, address, phone number, and email address of the objecting party and the amount and nature of the Claim or Interest of such entity, if any; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with this Court and served so that it is actually received by the following notice parties set forth below no later than **4:00 p.m. (prevailing Eastern time), on December 2, 2019** (the "Plan Objection Deadline"):

-9-

a)      counsel for the Debtors, (i) Jones Day, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Heather Lennox, Esq. (hlennox@jonesday.com) and Thomas A. Wilson, Esq. (tawilson@jonesday.com)); (ii) Jones Day, 77 West Wacker, Chicago, Illinois 60601 (Attn: Brad B. Erens, Esq. (bberens@jonesday.com) and Caitlin K. Cahow, Esq. (ccahow@jonesday.com)); and (iii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801 (Attn: Daniel J. DeFranceschi, Esq. (defranceschi@rlf.com) and Brett M. Haywood, Esq. (haywood@rlf.com));

b)      the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, Delaware 19801, Attn: Timothy J. Fox, Esq. (timothy.fox@usdoj.gov);

c)      counsel to the Creditors' Committee, (i) Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Eric R. Wilson, Esq. (ewilson@kelleydrye.com), Jason R. Adams, Esq. (jadams@kelleydrye.com), Lauren S. Schlussel, Esq. (lschlussel@kelleydrye.com), and Maeghan J. McLoughlin, Esq. (mmcloughlin@kelleydrye.com)); and (ii) Benesch Friedlander Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801 (Attn: Jennifer R. Hoover, Esq. (jhoover@beneschlaw.com) and Kevin M. Capuzzi, Esq. (kcapuzzi@beneschlaw.com)); and

d)      counsel to Bank of America, N.A., as administrative agent under both the Debtors' prepetition secured credit facility and postpetition secured credit facility, (i) Moore & Van Allen, PLLC, 100 North Tyron Street, Suite 4700, Charlotte, North Carolina 28202 (Attn: James R. Langdon, Esq. (jimlangdon@mvalaw.com)); and (ii) Buchanan Ingersoll & Rooney PC, 919 N. Market Street, Suite 990, Wilmington, Delaware 19801, (Attn: Mary F. Caloway, Esq. (mary.caloway@bipc.com)).

Unless an objection to the Plan is timely served, filed and received by the Plan Objection Deadline, such objection will not be considered by this Court and shall be overruled.

26.     Unless otherwise permitted or directed by this Court, the Debtors shall file a declaration certifying the amount and number of Allowed Claims in each Class voting to accept or reject the Plan (the "Tabulation Declaration") by no later than **4:00 p.m. (prevailing Eastern time) on December 13, 2019.**

27.     A consolidated memorandum of law in support of confirmation (including any declarations in support thereof, except for the Tabulation Declaration) and any replies to any

-10-

objections to confirmation may be filed by no later than **4:00 p.m. (prevailing Eastern time) on December 13, 2019.**

**E.      Other Provisions**

28.      Notwithstanding any applicable Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entirety.

29.      The Debtors and the Voting Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

30.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: October 28th, 2019**
**Wilmington, Delaware**

-11-    **LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**