## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| GUE Liquidation Companies, Inc., <u>et al.</u>,[1] | : | Case No. 19-11240 (LSS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | **Hearing Date:  January 13, 2020 at 10:00 a.m. (ET)** |
|  | : | **Objection Deadline:  January 6, 2020 at 4:00 p.m. (ET)** |
|  | : |  |

## MOTION OF THE DEBTORS FOR THE ENTRY
## <u>OF AN ORDER CLOSING THE SUBSIDIARY CASES</u>

The above-captioned debtors and debtors in possession (collectively,

the "<u>Debtors</u>") hereby move the Court, pursuant to section 350(a) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 3022 of the Federal Rules of Bankruptcy Procedure

(the "<u>Bankruptcy Rules</u>"), and Rule 3022-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"),

for entry of an order in substantially the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>")

closing the chapter 11 cases of Bloom That, Inc. (Case No. 19-11242 (LSS)); GUE Liquidation

Delivery, Inc. (Case No. 19-11244 (LSS)); FlowerFarm, Inc. (Case No. 19-11246 (LSS));

FSC Denver LLC (Case No. 19-11247 (LSS)); FSC Phoenix LLC (Case No. 19-11249 (LSS));

GUE Liquidation, Inc. (Case No. 19-11241 (LSS)); GUE Liquidation.CA, Inc. (Case

---

[1]	The Debtors are the following 15 entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  GUE Liquidation Companies, Inc. (5852); Bloom That, Inc. (9936); GUE Liquidation Delivery, Inc. (6960); FlowerFarm, Inc. (2852); FSC Denver LLC (7104); FSC Phoenix LLC (7970); GUE Liquidation, Inc. (1271); GUE Liquidation.CA, Inc. (7556); GUE Liquidation.COM, Inc. (4509); GUE Liquidation Group, Inc. (9190); GUE Liquidation Mobile, Inc. (7423); GUE Liquidation Giftco, LLC (5832); Provide Cards, Inc. (3462); GUE Liquidation Commerce LLC (0019); and GUE Liquidation Creations, Inc. (8964).  The Debtors' noticing address in these chapter 11 cases is 3113 Woodcreek Drive, Downers Grove, IL 60515.

No. 19-11243 (LSS)); GUE Liquidation.COM, Inc. (Case No. 19-11245 (LSS));

GUE Liquidation Group, Inc. (Case No. 19-11251 (LSS)); GUE Liquidation Mobile, Inc. (Case

No. 19-11253 (LSS)); GUE Liquidation Giftco, LLC (Case No. 19-11248 (LSS)); Provide Cards,

Inc. (Case No. 19-11250 (LSS)); GUE Liquidation Commerce LLC (Case No. 19-11252 (LSS));

and GUE Liquidation Creations, Inc. (Case No. 19-11254 (LSS)) (collectively, the "Subsidiary

Cases").  In support of this motion, the Debtors respectfully represent as follows:

## Background

1.      On June 3, 2019 (the "Petition Date"), each of the Debtors commenced

their respective Chapter 11 Cases (collectively, the "Chapter 11 Cases").  Pursuant to an order

entered on June 4, 2019 (D.I. 41), the Chapter 11 Cases have been consolidated for procedural

purposes only and are being administered jointly.  The Debtors are authorized to continue to

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      A comprehensive description of (a) the Debtors' businesses, operations,

and capital structure (as of the Petition Date) and (b) the events leading to the commencement of

the Chapter 11 Cases can be found in the *Declaration of Scott D. Levin in Support of First-Day*

*Pleadings* (D.I. 3), which was filed on the Petition Date and is incorporated herein by reference.

3.      On June 12, 2019, the Office of the United States Trustee for the District

of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors

(the "Committee") in these Chapter 11 Cases (D.I. 118).

4.      On August 1, 2019, the Court entered an order (D.I. 490) approving the

sale of the Debtors' Personal Creations business (the "Personal Creations Sale") to

PlanetArt, LLC.  The Personal Creations Sale closed on August 1, 2019.  See *Notice of*

*Occurrence of Closing of Sale of Personal Creations* (D.I. 520), dated August 7, 2019.

On August 9, 2019, the Court entered orders (D.I. 552, 553) approving the sale of the Debtors' (a) Shari's Berries/Gourmet Foods businesses to SBGF Acquisition, LLC (the "Gourmet Foods Sale") and (b) legacy FTD business and restructured ProFlowers business to Gateway Mercury Holdings, LLC (the "FTD/ProFlowers Sale"). The Gourmet Foods Sale closed on August 14, 2019, and the FTD/ProFlowers Sale closed on August 23, 2019. See *Notice of Occurrence of Closing of Sale of Gourmet Foods* (D.I. 578), dated August 15, 2019; *Notice of Occurrence of Closing of Sale of the FTD Assets and Restructured ProFlowers Business* (D.I. 603), dated August 23, 2019. As of the closing of the FTD/ProFlowers Sale, the Debtors are no longer operating entities.

5.    On December 19, 2019, the Court entered an order (D.I. 1037) (the "Confirmation Order") confirming the *First Amended Joint Plan of Liquidation for the Debtors* (D.I. 1005) (the "Plan"). The Debtors anticipate that the effective date of the Plan (the "Effective Date") will occur on December 30, 2019.

6.    The Plan provides for the establishment of two trusts to, among other things, liquidate the Debtors' remaining assets and make distributions in accordance with the terms of the Plan. See Plan, §§ III.B.1, III.C.1. One trust (the "Debtor Liquidation Trust"), or the trustee appointed on its behalf (the "Debtor Liquidation Trustee"), generally will be responsible for liquidating certain assets of the Debtors' estates, assuming outstanding responsibilities of the Debtors under the Plan, and making distributions to holders of secured, administrative, and priority claims against the Debtors. See Plan, § III.B. The second trust (the "Committee Liquidation Trust" and, together with the Debtor Liquidation Trust, the "Liquidation Trusts"), or the trustee appointed on its behalf (the "Committee Liquidation Trustee" and, together with the Debtor Liquidation Trustee, the "Liquidation Trustees") generally

will be responsible for liquidating other assets of the Debtors' estates and making distributions to

holders of general unsecured claims against the Debtors.  See Plan, § III.C.

       7.       On the Effective Date, all assets of the Debtors' estates will be transferred

to and vest in the Liquidation Trusts, and the Debtors' members, directors, managers and officers

and any remaining employees shall be deemed to have resigned and the Debtors dissolved for all

purposes and of no further legal existence under any applicable state or federal law.  See Plan,

§§ III.A.1, III.B.2, III.C.2.

       8.       The Plan further provides that all fees due and payable pursuant to

28 U.S.C. § 1930 (the "Section 1930 Fees") prior to the Effective Date shall be paid by the

Debtor Liquidation Trustee on the Effective Date.  See Plan, § II.C.1.b.  After the Effective Date,

the Debtor Liquidation Trust and the Debtor Liquidation Trustee shall be jointly and severally

liable to pay any and all Section 1930 Fees when due and payable.  See id.

### Jurisdiction

       9.       This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference from the United States*

*District Court for the District of Delaware*, dated as of February 29, 2012, and Article VIII of the

Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper

in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

      10.      By this Motion, the Debtors request the entry of the Proposed Order,

pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local

Rule 3022-1, closing the Subsidiary Cases.  The Chapter 11 Case of Debtor GUE Liquidation

Companies, Inc. ("GUE Liquidation") will remain open to provide the Liquidation Trustees the

opportunity to, among other things, finalize the process of resolving any contested matters and

reconciling, objecting to, and resolving claims, as applicable.  Upon the filing of a further motion to close the remaining chapter 11 case of GUE Liquidation, the Debtor Liquidation Trustee will file a final report with respect to all of the Chapter 11 Cases pursuant to Local Rule 3022-1(c). Accordingly, neither the Debtors in the Subsidiary Cases nor the Debtor Liquidation Trustee intend to file a final report prior to the entry of the Proposed Order.

### Basis for Relief

11.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."  Fed. R. Bankr. P. 3022.  Local Rule 3022-1(a) provides that, "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid."  Del. Bankr. L.R. 3022-1(a).

12.    The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to the 1991 amendments to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

(a)    whether the order confirming the plan has become final;

(b)    whether deposits required by the plan have been distributed;

(c)    whether the property proposed by the plan to be transferred has been transferred;

RLF1 22635687v.1

> (d)    whether the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
>
> (e)    whether payments under the plan have commenced; and
>
> (f)    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Advisory Committee Note.

13.    Bankruptcy courts in this District have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." In re SLI, Inc., No. 02-12608, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. N.D. Ill. 1991)); see also In re Kliegl Bros. Universal Elec. Stage Lighting Co., 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the advisory committee note when deciding whether to close a case); In re Jay Bee Enters., Inc., 207 B.R. 536, 538 (Bankr. E.D. Ky. 1997) (same).

14.    In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan has been substantially consummated. See In re Gates Cmty. Chapel of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case).

15.    The Advisory Committee Note also indicates that the entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed," and the Court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." Advisory Committee Note. Additionally, "a final decree closing the case after the estate is fully administered does not deprive the court of

jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." Id.

16.     Indeed, Bankruptcy Rule 3022 was amended in order to:

> set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue…. As is evident by the Committee note, the Advisory Committee interprets "fully administered" very loosely and encourages courts to use substantially more discretion in deciding whether to close a [c]hapter 11 case th[a]n Code § 350 and the Rule literally read.

In re Gould, 437 B.R. 34, 37-38 (Bankr. D. Conn. 2010) (citation omitted).

17.     As of the proposed hearing date for this Motion (the "Hearing"), the Subsidiary Cases will be "fully administered" within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing such cases. Among other things:

(a)     absent the filing of a notice of appeal, the Confirmation Order will have become final and non-appealable;

(b)     all assets of the Debtors' estates will have been transferred to and vested in the Liquidation Trusts;

(c)     the Liquidation Trustees will have assumed responsibility for liquidation of the Debtors' remaining assets and distributions to holders of allowed claims pursuant to the terms of the Plan;

(d)     distributions pursuant to the terms of the Plan will have commenced;

(e)     the Debtor Liquidation Trust will have assumed responsibility for the wind down of the Debtors' chapter 11 cases; and

(f)     the Debtors' members, directors, managers and officers and any remaining employees shall have been deemed to have resigned and the Debtors dissolved for all purposes and of no further legal existence under any applicable state or federal law.

18.     The foregoing factors support closing the Subsidiary Cases.  The fact that certain contested matters may remain pending and that the Liquidation Trustees are still reviewing and resolving claims does not require the Subsidiary Cases to remain open until all such contested matters and claims are resolved and final distributions are made.  In re Jay Bee Enters., Inc., 207 B.R. at 539 (finding that Bankruptcy Rule 3022 "does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan or until the statutory fees ... have been paid").

19.     Further, to the extent necessary, the Court will retain jurisdiction over any issues relating to the Subsidiary Cases, including the resolution of claims and any pending contested matters.  Therefore, no party in interest will be prejudiced if the Subsidiary Cases are closed, and GUE Companies' Chapter 11 Case will provide an avenue for resolving any issues that relate to the Subsidiary Cases.

20.     In addition, as of the Hearing, all outstanding Section 1930 Fees will have been paid and any further Section 1930 Fees will be paid as and when such fees come due.  See Plan, § II.C.1.b; Confirmation Order ¶ 30.  As such, closing the Subsidiary Cases complies with Local Rule 3022-1.

21.     Finally, closing the Subsidiary Cases will relieve the Court, the U.S. Trustee, and the Debtor Liquidation Trust from each of their administrative burdens with respect to the Subsidiary Cases, thus promoting judicial efficiency and preserving the assets of the Debtor Liquidation Trust.

**Notice**

22.     Notice of this Motion shall be provided to (a) the U.S. Trustee; (b) Kelley Drye & Warren LLP and Benesch Friedlander Coplan & Aronoff LLP, as co-counsel to the Committee; (c) Moore & Van Allen PLLC, as counsel to Bank of America, N.A., as

administrative agent under the Debtors' prepetition and postpetition secured credit facilities;

(d) Howley Law PPLC, as the Debtor Liquidation Trustee; (e) UMB Bank, National Association,

as the Committee Liquidation Trustee; and (f) any other party entitled to notice pursuant to

Bankruptcy Rule 2002 or order of the Court.  Due to the nature of the relief requested herein, the

Debtors respectfully submit that no further notice of this motion is necessary.

### **No Prior Request**

23.    No prior request for the relief sought herein has been made to this Court or

any other Court.

WHEREFORE, the Debtors respectfully request that the Court (i) enter the

Proposed Order, granting the relief requested herein; and (ii) grant such other and further relief to

the Debtors as the Court may deem proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

RLF1 22635687v.1

Dated: December 23, 2019
      Wilmington, Delaware

Respectfully submitted,

*/s/  Megan E. Kenney*
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Brett M. Haywood (No. 6166)
Megan E. Kenney (No. 6426)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
Email: defranceschi@rlf.com
      heath@rlf.com
      haywood@rlf.com
      kenney@rlf.com

      -and-

Heather Lennox (admitted *pro hac vice*)
Thomas A. Wilson (admitted *pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Email: hlennox@jonesday.com
      tawilson@jonesday.com

Brad B. Erens (admitted *pro hac vice*)
Caitlin K. Cahow (admitted *pro hac vice*)
JONES DAY
77 West Wacker
Chicago, Illinois  60601
Telephone:  (312) 782-3939
Facsimile:  (312) 782-8585
Email: bberens@jonesday.com
      ccahow@jonesday.com

ATTORNEYS FOR
DEBTORS AND DEBTORS IN POSSESSION