**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

|                                          |   |                            |
|------------------------------------------|---|----------------------------|
| In re:                                   | : | Chapter 11                 |
|                                          | : |                            |
| GUE Liquidation Companies, Inc.[1]       | : | Case No. 19-11240 (LSS)    |
|                                          | : |                            |
| Post-Effective Date Debtor.              | : | **Re: D.I. 1603**          |
|                                          | : |                            |
|                                          | : |                            |
|                                          | : |                            |
|                                          | : |                            |

---

**FINAL DECREE (I) CLOSING CHAPTER 11 CASE**
**AND (II) TERMINATING OFFICIAL CLAIMS AGENT SERVICES**

This matter coming before the Court on the *Motion of the GUE Debtor Liquidation Trust for the Entry of a Final Decree (I) Closing Chapter 11 Case and (II) Terminating Official Claims Agent Services* (the "Motion"),[2] filed by the Debtor Liquidation Trust, pursuant to Bankruptcy Code section 105(a); the Court having reviewed the Motion and having considered the statements of counsel with respect to the Motion at a hearing (if any) before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, paragraph 31 of the Confirmation Order, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; the Court having determined that the

---

[1]     The Post-Effective Date Debtor is and the last four digits of its taxpayer identification number are GUE Liquidation Companies, Inc. (5852).  The address of the Post-Effective Date Debtor is: GUE Liquidation Companies, Inc., c/o Howley Law PLLC, Pennzoil Place – South Tower, 711 Louisiana Street, Suite 1850, Houston, Texas 77002.

[2]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The Chapter 11 Case of GUE Liquidation Companies, Inc., Case No. 19-11240 (LSS) is hereby CLOSED pursuant to section 350(a) of the Bankruptcy Code, effective as of the date of the entry of this Order.

3.       The Clerk of the Court shall enter this Order on the docket of the above-captioned case, and thereafter, the docket shall be marked as "Closed."

4.       The Official Claims Agent Services of Omni are terminated upon the completion of the services listed in paragraph 5, *infra*. Thereafter, Omni will have no further obligations to the Court, the Liquidation Trusts, or any other party in interest with respect to the Official Claims Agent Services.

5.       Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days after the entry of this Order, Omni shall (a) forward to the Clerk of the Court an electronic version of all imaged claims; (b) upload the creditor mailing list into CM/ECF; and (c) docket in the case of GUE Liquidation Companies, Inc., Case No. 19-11240 (LSS) a final claims register containing all the claims filed in the Chapter 11 Cases.

6.       Within thirty (30) days of entry of this Order, the Debtor Liquidation Trustee shall provide to the U.S. Trustee all quarterly reports not already filed, including reports for any partial quarter, and pay any Section 1930 Fees, including Section 1930 Fees for disbursements up through the date of entry of this Order, even if for a partial quarter.

RLF1 29438212v.1

7.      The Debtor Liquidation Trust and Omni are authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

8.      Entry of this Order is without prejudice to the rights of the Liquidation Trustees or any other party in interest to reopen the chapter 11 case for cause pursuant to section 350(b) of the Bankruptcy Code.

9.      Notwithstanding any provision of the Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

10.     This Court shall retain jurisdiction over the Chapter 11 Cases to the extent permitted under the Plan and all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: August 18th, 2023**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**